[Crim. No. 476. Department One.—January 13, 1899.]

THE PEOPLE, Appellant, v. BYRON WALBRIDGE et al., Respondents.

CRIMINAL LAW—ROBBERY—INFORMATION—MONEY TAKEN FROM PERSON—POSSESSION.—An information for the crime of robbery, which charges that money was forcibly and feloniously taken "from the person and immediate presence" of the person robbed, sufficiently shows that the money was in the possession of such person, at the time of the taking, and is not subject to demurrer for want of a specific averment of such possession, though it would be better pleading to insert such averment. It would be essential to make such averment, if the informa-

tion had only alleged that the money was taken from the immediate presence of the person robbed, and not from his person.

APPEAL from an order of the Superior Court of Orange County sustaining a demurrer to an information.

The facts are stated in the opinion of the court.

W. F. Fitzgerald, Attorney General, W. H. Anderson, Assistant Attorney General, and F. B. West, District Attorney, for Appellant.

McKelvey & Bowes, for Respondents.

GAROUTTE, J.—This appeal is prosecuted from an order sustaining a demurrer to the information. The material part of the information alleges that the defendants "did willfully, unlawfully, and feloniously, and by means of force and fear, and against the will of one Victor Finster, take from the person and immediate presence of him, the said Victor Finster, thirty (30) cents in lawful money of the United States."

The counsel of defendants attempt to support the ruling of the trial court in sustaining the demurrer by the claim that the information contains no allegation that the money when taken was in the possession of Victor Finster, the alleged victim of the robbery. Robbery is defined by the Penal Code in this respect as "the felonious taking of personal property in the possession of another from his person or immediate presence." Comparing this definition with the allegation of the information, we are clear there is nothing in counsel's contention. It is too technical to possess merit. The information alleges that the money was taken "from the person and immediate presence of Victor Finster." If it was taken from the person of Victor Finster, it must be assumed that it was in his possession at the time it was taken. It is so held in *People v. Shuler*, 28 Cal. 490. If the information had only alleged that the money was taken from the immediate presence of Victor Finster, then an additional allegation would have been necessary to the effect that it was at that time in the possession of Finster; but the

allegation that it was taken from his person renders the allegation as to possession in him not absolutely necessary. It may be conceded that it would have been better pleading to have directly alleged the possession of the money to have been in Finster, but, under the circumstances here disclosed, we deem the information sufficient in the absence of such allegation.

For the foregoing reasons the judgment is reversed and the cause remanded.

Harrison, J., and Van Dyke, J., concurred.