[Crim. No. 6949.   In Bank.   Oct. 11, 1961.]

In re ERVIN LOUIS MITCHELL on Habeas Corpus.

Ervin Louis Mitchell, in pro. per., and Thomas Schneider, under appointment by the Supreme Court, for Petitioner.

Stanley Mosk, Attorney General, John S. McInerny and Robert R. Granucci, Deputy Attorneys General, Leonard M. Conry, District Attorney (Humboldt), and John L. Quinn, Deputy District Attorney, for Respondents.

PETERS, J.—Ervin Louis Mitchell, in propria persona, petitions for a writ of habeas corpus by which he seeks his release from San Quentin where he is imprisoned under a commitment from the Superior Court of Humboldt County. Petitioner did not appeal from the judgment of conviction, and it long since has become final. His major contention is that, for reasons hereafter stated, the trial court was without jurisdiction to enter the judgment under attack. The contention lacks merit.

The clerk's transcript of the trial court proceedings indicates that on September 7, 1960, an information was filed charging defendant with a "Violation of Section 667 of the Penal Code of California[1] committed as follows: The said

---

[1] The section reads as follows: "Every person who, having been convicted of any felony either in this State or elsewhere, and having served a term therefor in any penal institution, commits petty theft after such conviction, is punishable therefor by imprisonment in the county jail not exceeding one year or in the State prison not exceeding five years."

defendant ERVIN LOUIS MITCHELL on or about the 4th day of August, A.D., nineteen hundred and sixty'' in Humboldt County ''contrary to the form, force and effect of the Statute in such case made and provided . . . did willfully and unlawfully take away personal property of another, of a value not exceeding the sum of Two Hundred Dollars, to wit, money, the personal property of Clair Richard Shierk.

''That before the commission of the offense hereinabove set forth in this Information, said defendant ERVIN LOUIS MITCHELL was,'' in Humboldt County, ''convicted of the crime of burglary, and was committed to the California State Prison on May 8, 1954, being discharged May 6, 1958.''

Petitioner was arraigned on that information and pleaded not guilty, thus putting in issue both the petty theft and the prior conviction, charged in the information. On January 3, 1961, petitioner, then represented by counsel, appeared for trial. Before the jury was selected the court convened in chambers, the defendant and his counsel, the deputy district attorney, and the judge being present. The court minutes for that day recite: ''Defendant admitted the allegations of the prior felony conviction alleged herein. Whereupon the Court ordered the information amended on its face to show the offense herein to be a violation of Section 488[2] of the Penal Code instead of a violation of Section 667 of the Penal Code.''

The clerk's transcript shows that the only amendment made to the original information was to strike the number 667 and to insert the number 488. Thus, as amended, defendant was charged with petty theft, a violation of section 488 of the Penal Code, in that he took certain personal property of Clair Richard Shierk not exceeding two hundred dollars, and that he had previously been convicted of a designated felony and served a term therefor. Thus, the amended information charged petty theft with a prior felony conviction and service of a term, the precise elements that go to make up the offense defined by section 667 of the Penal Code. (See fn. 1.)

█ Petitioner contends, however, that by amending the information to charge a violation of section 488 he was not

---

[2]Most of the sections of the Penal Code immediately preceding § 488 define grand theft and then § 488 provides: ''Theft in other cases is petty theft.'' Section 490 provides: ''Petty theft is punishable by fine not exceeding five hundred dollars, or by imprisonment in the county jail not exceeding six months, or both.'' Thus a violation of § 488 is a misdemeanor as defined in § 17 of the Penal Code.

apprised of the fact that he was being charged with a felony. A reading of the information, as amended, demonstrates that there is no merit to that contention. With clarity, it charges petty theft with a prior felony conviction, the very elements necessary to constitute a violation of section 667, a felony. Petitioner could not possibly have been misled.

For the very same reason the contention that the superior court was without jurisdiction to try a misdemeanor, and that petitioner was charged with a misdemeanor, is without merit. ▮▮▮ Of course, the superior court has no jurisdiction to try a charge made under section 488. But here petitioner was charged with a violation of section 488, *and* a prior felony conviction. The only purpose of charging the prior conviction was to convert the misdemeanor into a felony. The information, as amended, alleged every fact required for a charge of a violation of section 667. That is all that is required to give the superior court jurisdiction.

The amended information was filed with the clerk and the trial commenced. Petitioner was not rearraigned on the amended information, nor did he plead to that information, as amended. There can be no doubt that he should have been rearraigned. But the failure to do so, under the facts here involved, was, at most, a mere irregularity. ▮▮▮ The purpose of an arraignment or a rearraignment is to inform the accused of the charge against him and to give him fairly the opportunity to plead to it (Pen. Code, § 988). If the defendant pleads to the basic charge, and a trial is had on it, the purpose of an arraignment has been served. ▮▮▮ In the instant case the original information stated that defendant was accused of petty theft with a prior burglary conviction, a violation of section 667 of the Penal Code. The amended information accused defendant of petty theft in violation of section 488 of the Penal Code, with a prior burglary conviction and service of time thereunder. The only defect in the amended information (if it was a defect) was that it did not state that petty theft with a prior felony conviction was a violation of section 667, although the information, as amended, contained charges of all the elements necessary to constitute a violation of that section. Petitioner, with the record in this state, went to trial without objection. Under such circumstances, the failure to rearraign him and to afford him an opportunity to plead to the amended information were, at most, irregularities which, had they been raised on appeal, would not be considered to have been prejudicial

under article VI, section 4½, of the Constitution (*People v. Agnew,* 110 Cal.App.2d Supp. 837, 840 [242 P.2d 410]). Certainly, such irregularities, not affecting the jurisdiction of the court, cannot be successfully urged on habeas corpus.

It is well settled that "habeas corpus cannot serve as a substitute for an appeal, and, in the absence of special circumstances constituting an excuse for failure to employ that remedy, the writ will not lie where the claimed errors could have been, but were not, raised upon a timely appeal from a judgment of conviction." (*In re Dixon,* 41 Cal.2d 756, 759 [264 P.2d 513], citing many cases.)

In the instant case, the petitioner, without objection, went to trial. The information, as amended, was read to the jury, and it brought in its verdict of "guilty of the crime of petty theft as charged in the Information." The issue as to the prior burglary conviction was not submitted to the jury because the defendant had admitted the prior. Thereafter, the trial court entered its judgment as follows:

"In Case No. 4301 Count No. One he was convicted by Jury; on his plea of NOT GUILTY . . . ; of the crime of PETTY THEFT, and the said defendant having prioviously [*sic*] having herein admitted the allegations of the information charging a prior conviction of the crime of burglary and commitment to the California State Prison, in violation of Section 488 of the Penal Code of California, the admitted Prior felony conviction as charged in the Information making the offense a violation of Section 667 of the Penal Code. . . .

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said defendant be punished by imprisonment in the State Prison of the State of California for the term provided by law, and that he be remanded to the Sheriff of the County of Humboldt and by him delivered to the Director of Corrections of the State of California at the place hereinafter designated. . . ."

There may be irregularities in this judgment. But, at most, they are irregularities, not errors that go to the jurisdiction of the court. That being so, habeas corpus cannot be successfully employed to cure any such errors.

The case is really very simple. Petitioner was charged with petty theft and a prior felony conviction, the information charging that this was a violation of section 667 of the Penal Code. The petitioner then admitted the prior as charged. The trial judge, apparently trying to help the petitioner by keeping the prior from the jury (Pen. Code, § 1025) amended

the information to charge petty theft (Pen. Code, § 488) with a prior felony conviction. Reference to section 667 was omitted, and section 488 was inserted. Defendant was not rearraigned, nor did he plead to the amended information. He then went to trial, without objection, on the amended information, and was found guilty of petty theft, with the prior felony conviction admitted. These are the two basic elements necessary to constitute a violation of section 667. There can be no doubt at all that defendant was found guilty of petty theft with a prior felony conviction. Hence he was found guilty of violating section 667. Procedural errors were committed. These were mere irregularities and certainly did not go to the jurisdiction of the court. They cannot, in any event, be reached by habeas corpus. (*In re Dixon, supra,* 41 Cal.2d 756.) For that reason the petition must be denied.

The petition for habeas corpus is denied, and the order to show cause is discharged.

Gibson, C. J., Traynor, J., White, J., and Dooling, J., concurred.

SCHAUER, J.—I concur in the last paragraph of the opinion and, for the reasons therein stated, in the judgment.

McComb, J., concurred.