[Crim. No. 4118.    First Dist., Div. Two.    June 18, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. LYMON DARRELL O'NEAL et al., Defendants and Appellants.

Lymon Darrell O'Neal and Howard Lee Coose, in pro. per., for Defendants and Appellants.

Stanley Mosk, Attorney General, John S. McInerny and Eric Collins, Deputy Attorneys General, for Plaintiff and Respondent.

KAUFMAN, P. J.—On May 3, 1960, the appellants, Lymon Darrell O'Neal and Howard Lee Coose, were jointly charged with the theft of a motor vehicle in violation of section 484 of the Penal Code. On May 9, 1960, both, with counsel, waived reading of the information, entered pleas of guilty, waived probation, and requested immediate sentencing. The judgment and sentence were entered on May 9, 1960. No motion for a new trial was made and no appeal was taken. Over a year later, on November 28, 1961, appellants moved to set aside the allegedly void judgment of conviction. The motion was heard and denied on December 4, 1961. Both appeal in propria persona from the order denying their motion.

Appellants' motion to set aside the judgment, while including within its scope the area of a petition for writ of error *coram nobis,* is more inclusive, as in addition to serving the purposes of the writ, it will lie where the judgment is void on its face (*People* v. *Ramirez,* 139 Cal.App. 380 [33 P.2d 848]).

Appellants contend that the judgment is void because the trial court erred by: 1) failing to read the information to them; 2) knowingly appointing incompetent counsel; 3) failing to determine the degree of the crime; 4) failing to set a date for sentencing; 5) unconstitutionally depriving them of their right to a jury trial; and 6) that section 473 of the Code of Civil Procedure unconstitutionally sets a time limit on the

motion to vacate a judgment. There is no merit to any of these contentions nor is it necessary for us to discuss them in detail, as the record contravenes each contention, and completely supports the judgment rendered.  ██  ██  Appellants knowingly, with their counsel present, properly waived reading of the information (*People* v. *Jones,* 52 Cal.2d 636 [343 P.2d 577]), and entered pleas of guilty, thus admitting every element of the offense and waiving a jury trial (*People* v. *Cabral,* 128 Cal.App.2d 693 [275 P.2d 927]; *People* v. *Cooper,* 123 Cal.App.2d 353 [266 P.2d 566]).

██  Any errors or uncertainties which could have been reached on motion for new trial or on appeal after judgment cannot subsequently be grounds for a motion to set aside the judgment (*People* v. *Ward,* 96 Cal.App.2d 629 [216 P.2d 114]). ██  Furthermore, treating appellants' motion as a petition for a writ of error *coram nobis* (*People* v. *Gilbert,* 25 Cal.2d 422 [154 P.2d 657]; *People* v. *Odlum,* 91 Cal.App.2d 761 [205 P.2d 1106]), it is axiomatic that this writ cannot be used to serve the purpose of an appeal or other statutory remedy (*People* v. *Coyle,* 88 Cal.App.2d 967, 971 [200 P.2d 546]; *People* v. *Deutsch,* 16 Cal.App.2d 121 [60 P.2d 155]), unless there has been extrinsic fraud that deprived the petitioner of a trial on the merits (*People* v. *Darcy,* 79 Cal.App.2d 683, 689 [180 P.2d 752]). Appellants for the first time on this appeal contend that they received assurances from the police and their own counsel that they would receive county jail sentences. ██  A plea of guilty, entered on advice of counsel, in the absence of fraud, etc., will not be vacated (*In re Atchley,* 48 Cal.2d 408 [310 P.2d 15]). ██  As to the alleged representations of the police officer, the exceptional remedy to set aside a judgment exists only where a strong and convincing showing of the deprivation of rights by extrinsic causes is made (*People* v. *Grgurevich,* 153 Cal. App.2d 806 [315 P.2d 391]; *People* v. *Schwarz,* 201 Cal. 309 [267 P. 71]). The appellants here have made no showing of such deprivation or that their pleas of guilty were obtained by fraud, duress, deception or coercion (*People* v. *Vaitonis.* 200 Cal.App.2d 156 [19 Cal.Rptr. 54]; *People* v. *Evans,* 185 Cal.App.2d 331 [8 Cal.Rptr. 410]).

Nor is there any merit to their argument that their plea was not "knowingly" entered. ██  The mere fact that the information charged the appellants under section 484 of the Penal Code, does not vitiate the judgment for it set out the facts of the crime of which appellants were ultimately con-

victed, theft of a motor vehicle (*In re Mitchell*, 56 Cal.2d 667 [16 Cal.Rptr. 281, 365 P.2d 177]), which can only be grand theft (Pen. Code, § 487, subd. 3).

The record does not support the appellants' contentions regarding the incompetency of their counsel. ▮ As to the final contention regarding the unconstitutionality of section 473 of the Code of Civil Procedure, it is well established that this section applies only to civil actions and cannot be invoked by a defendant in a criminal case (*Gonzales* v. *Superior Court*, 3 Cal.2d 260 [44 P.2d 320]; *People* v. *Estrada*, 24 Cal.App.2d 341 [74 P.2d 1084]).

Order affirmed.

Shoemaker, J., and Agee, J., concurred.