[Crim. No. 16848. Second Dist., Div. Four. Feb. 18, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
HUBERT LOPEZ FRANCO, Defendant and Appellant.

COUNSEL

Richard H. Levin, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Robert J. Polis, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**DUNN, J.**—At approximately 8:25 p.m. on October 23, 1968, appellant entered the front door of the Sav-On Drug Store in Oxnard. He went through a check stand and proceeded directly to the cigarette rack. He walked up very close to the rack, almost pressing against it. After scanning the back of the store, he removed a carton of Camel cigarettes from the rack with his left hand, placed the carton underneath his shirt, and put his arm down over the carton to hold it in place. He then turned and walked out of the store by the same route he had taken in entering.

The manager had seen appellant enter and immediately recognized him, having seen him on two previous occasions. He observed all of appellant's

movements from a position about 40 feet away under excellent lighting conditions, with nothing obstructing his view. He followed appellant out of the store. Immediately outside, on the front walk, he told appellant he was aware of the carton of cigarettes under his shirt, and asked him to come back into the store. Appellant ignored him, and continued walking. The manager followed until they reached the parking lot. There, he again attempted to stop appellant and persuade him to give himself up, but without success. All the while appellant kept his arm in position over the carton of cigarettes. Finally, when they reached the center of the parking lot, the manager grabbed appellant's shoulder, but was thrown off. He went back to the store to summon help. When he returned to the parking lot with an assistant manager, appellant was nowhere to be seen. Thereafter, the police were contacted.

By information, appellant was charged with the crime of theft in violation of Penal Code, section 484; a prior conviction of Penal Code, section 484, petty theft, was charged for which he had served a term in a county jail. By amendment the information added another prior, namely, violation of Penal Code, sections 664 and 484, attempted theft, with a county jail term served. Appellant pleaded "not guilty" to the offense charged and denied both priors. Before the jury was impaneled the following occurred in chambers: Respondent moved to strike the second prior and the motion was granted. Appellant then admitted the first prior.

Trial was had and the jury found appellant guilty of petty theft in violation of Penal Code, section 484. Appellant's application for probation was denied, and he was sentenced to state prison for the term prescribed by law.[1] He appeals from the judgment of conviction, urging as grounds for reversal (1) fatal defects in his admission of the prior conviction, and (2) inadequate jury instructions.

## I. *Was Appellant's Admission of the Prior Conviction Defective?*

█ First, appellant contends that there is nothing in the record to indicate that he knew the present offense could be elevated to a felony because of his admission of the prior conviction. This contention presumably is based on the fact that the information mentions only Penal Code, section 484,[2] and does not specify Penal Code, section 666.[3] There is no merit

---

[1]By the provisions of Penal Code, section 666, a second conviction of petty theft may be punishable as a felony.

[2]Penal Code, section 484 defines theft; sections 485, 486 and 487 set forth the degrees of theft and define grand theft. Section 488 provides: "Theft in other cases is petty theft." Section 490 provides: "Petty theft is punishable by fine not exceeding five hundred dollars, or by imprisonment in the county jail not exceeding six months, or both." Thus, petty theft is a misdemeanor as defined in Penal Code, section 17.

[3]See footnote 1.

in this contention, for the information charges violation of Penal Code, section 484 with a prior conviction of petty theft and service of a term therefor in the county jail. These are the precise elements which made the present offense of petty theft punishable as a felony under Penal Code, section 666. Appellant could not have been misled. All of the elements of section 666 were set forth in the information, and the only purpose of alleging the prior conviction was to convert the misdemeanor into a felony. *In re Mitchell* (1961) 56 Cal.2d 667, 669-670 [16 Cal.Rptr. 281, 365 P.2d 177], cert. denied (1962) 368 U.S. 997 [7 L.Ed.2d 535, 82 S.Ct. 622]; *People* v. *Miranda* (1963) 222 Cal.App.2d 424, 425-426 [35 Cal.Rptr. 231].

For a second argument appellant contends that his admission of the prior conviction is incomplete in that he admitted only having been convicted of petty theft, not having served a term therefor, and service is essential if the present offense is to be elevated to a felony under Penal Code, section 666. This contention is based on the fact that appellant was not asked specifically whether, in addition to having been convicted, he had served a term in the county jail. Before the trial commenced appellant, in chambers and with his counsel present, admitted the prior conviction as follows:

"THE COURT: Mr. Hubert Lopez Franco, it is alleged in the information that prior to the commission of the offense alleged in that information, you were on or about the 11th day of March 1968, convicted of the crime of violation of Section 484 of the Penal Code, petty theft, in the Municipal Court of the State of California in and for the County of Ventura and served a term therefor in the Ventura County Jail.

"Do you admit or deny that prior offense?

"I will repeat the date so that you can be certain, March the 11th, 1968.

"MR. SULLIVAN [counsel for appellant]: If I might for further clarification for Mr. Franco, I advised him that this was the case that was tried in the Camarillo Division of the Municipal Court before a jury and there was a verdict reached.

"Is that true, Mr. Franco?

"THE DEFENDANT: Yes, sir.

"THE COURT: What was your answer?

"THE DEFENDANT: Yes, sir.

"THE COURT: Yes, it is true?

"THE DEFENDANT: Yes.

"THE COURT: You do admit it then, that prior offense?

"Do you want to speak up so the court reporter can hear you.

"THE DEFENDANT: Yes, your Honor.

"THE COURT: All right, sir."

■ Where an information charges the accused with a former conviction, and with having served a term of imprisonment therefor, and upon arraignment and the reading of the information to him he admits, without reservation, that he has suffered such conviction, it must be assumed that he knowingly admitted that he served the sentence as alleged in the information. To determine otherwise would be quibbling with the facts. *People* v. *Jackson* (1950) 36 Cal.2d 281, 287 [223 P.2d 236], cert. denied (1951) 340 U.S. 922 [95 L.Ed. 666, 71 S.Ct. 355]; *People* v. *Greenwell* (1962) 203 Cal.App.2d 1, 3-4 [21 Cal.Rptr. 161]; *People* v. *Houston* (1948) 88 Cal.App.2d 11, 15 [198 P.2d 53]; *In re Valenzuela* (1945) 71 Cal.App.2d 198, 199-200 [162 P.2d 301]. ■ Appellant's admission of the prior conviction thus included an admission that he had served a term therefor as alleged in the information, even though he was not asked, separately, whether he had served such term.

■ Third, appellant argues that his admission was constitutionally defective because he was not advised that he was waiving his rights to trial by jury, to confront his accusers and against self-incrimination.[4] In support of this contention appellant cites *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] and *McCarthy* v. *United States* (1969) 394 U.S. 459 [22 L.Ed.2d 418, 89 S.Ct. 1166]. These cases hold that a plea of "guilty" to a present offense is invalid unless entered after a knowing and intelligent waiver of such rights. Appellant argues that these constitutional safeguards to a plea of "guilty" also should be applied to the admission of a prior conviction.

The rationale of the *Boykin* and *McCarthy* holdings is that a guilty plea is more than admission of conduct; it is an admission of all the elements of a formal criminal charge and is, in effect, a conviction. ■ But statutes which provide for increased punishment of those who have previously offended do not create specific crimes. Prior convictions are not

---

[4]Citing *People* v. *Merriam* (1967) 66 Cal.2d 390 [58 Cal.Rptr. 1, 426 P.2d 161], respondent contends that appellant is precluded from raising this issue here because he did not challenge in the trial court the constitutionality of his admission. However, the *Merriam* case is not in point. It holds that an accused who fails to challenge in the trial court the constitutional basis of a prior conviction is foreclosed from doing so on appeal. The issue raised by appellant is not the constitutionality of the proceedings which resulted in the prior conviction. It is the constitutionality of the manner in which his admission of such conviction was obtained.

elements of the offense alleged in the accusation, or of a separate, substantive offense. *In re McVickers* (1946) 29 Cal.2d 264, 270 [176 P.2d 40]; *People* v. *Dunlop* (1951) 102 Cal.App.2d 314, 316 [227 P.2d 281]. The charged prior conviction is a fact to be determined solely as one side issue in the trial of the present offense. *People* v. *Collins* (1953) 117 Cal. App.2d 175, 183 [255 P.2d 59], appeal dismissed, cert. denied (1953) 346 U.S. 803 [98 L.Ed. 334, 74 S.Ct. 33]; *People* v. *Ysabel* (1938) 28 Cal.App.2d 259, 263 [82 P.2d 476]. ■ The only offense with which appellant was charged in the information, and for which he was tried, was violation of Penal Code, section 484, petty theft. Proof of the prior conviction of petty theft simply increased the penalty. It follows that the rationale of *Boykin* and *McCarthy* does not apply to the admission of a prior conviction as opposed to the entry of a plea of guilty to a present offense.

We conclude that appellant's admission of the prior conviction was not defective.

## II. *Did the Trial Court Err in Refusing to Instruct the Jury as Requested by Appellant?*

■ Appellant contends that the court erred in refusing to give the following instruction, requested by appellant: "Should you conclude the carton taken by the defendant has not been shown beyond a reasonable doubt to contain cigarettes then you are instructed to bring back a not guilty verdict." It appears from the remarks[5] of counsel in chambers before commencement of the trial, and from his cross-examination of respondent's witnesses, that appellant's theory of the case was that the carton which he took did not contain cigarettes, and that an empty carton cannot be the subject of larceny.

■ A defendant is entitled to have the jury instructed on his theory of the case as disclosed by the evidence, no matter how weak. *People* v. *Carmen* (1951) 36 Cal.2d 768, 773 [228 P.2d 281]; *People* v. *Landrum* (1968) 261 Cal.App.2d 372, 376 [67 Cal.Rptr. 911]. However, it is not error to refuse an instruction on a theory not supported by the evidence. *People* v. *Bronson* (1968) 263 Cal.App.2d 831, 843 [70 Cal.Rptr. 162], cert. denied (1969) 394 U.S. 964 [22 L.Ed.2d 566, 89 S.Ct. 1316]; *People* v. *Jones* (1960) 184 Cal.App.2d 464, 469 [7 Cal.Rptr. 424].

[5]"Mr. Sullivan [counsel for appellant]: Well, I think our whole theory of the case, and I think we should be allowed to voir dire on our theory of the case, is that it's up to the People to show what in fact was taken. Was it in fact an empty box? Was it in fact a carton of Camel cigarettes?

"The fact that a carton says 'Camels' on it—I'm sure once you have smoked all your cigarettes you do have a carton that says 'Camels.' "

■ The manager of the Sav-On Drug Store testified as follows: only full cartons of cigarettes were kept on the rack from which appellant removed a carton; individual packages of cigarettes were sold exclusively at the check stands; if a clerk at one of these stands ran out of individual packages, he was authorized to take a full carton from the rack, remove packages from the carton, and then put it into a tray in which "broken" cartons were kept; individual packages for sale could then be removed from such "broken" cartons; cartons emptied in this way were torn up and thrown away; the carton taken by appellant was closed, and the manager never looked inside of it; he assumed that it contained cigarettes. Appellant did not testify, and no evidence was presented in his behalf. Hence, the only evidence on the subject was all to the effect that the carton contained cigarettes. There was not even "weak" evidence to support appellant's theory that the carton may have been empty.

■ Where a "reasonable doubt" instruction is requested which points up the theory of the defense, it is error to refuse such instruction. *People* v. *Roberts* (1967) 256 Cal.App.2d 488, 493 [64 Cal.Rptr. 70]. On the other hand, it is not error to refuse an instruction which is an incorrect statement of the law. *People* v. *Hawkins* (1967) 249 Cal.App.2d 379, 383 [57 Cal.Rptr. 522]. ■ In order that property may be the subject of larceny, it is necessary only that it possess some intrinsic value, however, slight.[6] *People* v. *Dunn* (1958) 164 Cal.App.2d 335, 338 [360 P.2d 481]; *People* v. *James* (1957) 155 Cal.App.2d 604, 610 [318 P.2d 175]; *People* v. *Quiel* (1945) 68 Cal.App.2d 674, 678 [157 P.2d 446]; 1 Witkin, Cal. Crimes (1963) § 379, p. 352. Thus, it has been held that ration stamps have an intrinsic value, even though slight, which makes the stealing of them larceny. *People* v. *Leyvas* (1946) 73 Cal.App.2d 863, 866 [167 P.2d 770]. And in *People* v. *Caridis* (1915) 29 Cal.App. 166 [154 P. 1061], it was stated (p. 169) by way of dictum: "Considered as a mere piece of paper, the lottery ticket in question possessed perhaps some slight intrinsic value, which, however small, would have sufficed to make the wrongful taking of it petit larceny, and if that had been the charge preferred against the defendant, it doubtless would have stood the test of demurrer." ■ Hence, the instruction offered by appellant was an incorrect statement of the law. Even if the jury had believed that the carton did not contain cigarettes, it does not follow that the carton had

---

[6]The jury was correctly instructed on this issue, as follows: "In that form of theft known as larceny, which is included in the charge of theft in the information, two elements are necessary: First, an intent at the time when the possession and control of the property is obtained to permanently deprive the owner of *some certain property having any intrinsic value;* . . ." (Italics added).

no intrinsic value and that appellant would have been entitled to acquittal as a matter of law.

The court properly refused to give the requested instruction.

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.