[No. D036728. Fourth Dist., Div. One. Jan. 24, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS MARIO MARTINEZ, Defendant and Appellant.

## COUNSEL

Susan K. Keiser, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Kyle Niki Shaffer and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**HUFFMAN, J.**—A jury convicted Carlos Mario Martinez of residential burglary (Pen. Code,[1] § 459). Martinez admitted one serious felony prior conviction within the meaning of section 667, subdivision (a)(1); one prison prior within the meaning of section 667.5, subdivision (b) and one serious/violent felony prior conviction within the meaning of section 667, subdivisions (b) through (i).

Martinez was sentenced to a determinate term of 13 years in prison. The court at sentencing imposed a $3,000 restitution fine pursuant to section 1202.4, subdivision (b)[2] and a suspended parole revocation restitution fine of $3,400 pursuant to section 1202.45.

Martinez appeals contending the evidence is insufficient to prove an intent to commit larceny at the time of entry into the dwelling, that the court erred in denying his request for a jury instruction on the lesser related offense of trespass and that the court erred in imposing a $3,400 parole revocation restitution fine. We will affirm the conviction and direct the abstract of judgment be amended to reflect restitution fines of $3,000.

### STATEMENT OF FACTS

On the morning of January 20, 2000, Martinez broke into a residence by removing the screen and entering through an unlocked window. The occupants of the house were not home at the time of entry.

Once inside the house, Martinez cooked some soup and tortillas and poured some orange juice. He placed those items on the coffee table. He also removed all of his clothing and placed it on a chair. Before Martinez could eat the food, one of the occupants unlocked the door and entered the house.

When she entered the house the occupant observed the food, clothing and that the television had been turned on. She left the home and went to a phone and called police.

Shortly after the police were called officers arrived. The house was searched and Martinez was found naked, hiding in a closet. He told the arresting officer he entered the house through the unlocked bedroom window. He said he was hungry and wanted to find food. He said he was scared when the owner entered the house so he hid in the closet.

---

[1]All further statutory references are to the Penal Code unless otherwise specified.

[2]The abstract of judgment reflects a $3,400 restitution fine. However, the trial court's oral pronouncement reflects the court actually imposed a $3,000 restitution fine. We will order the abstract of judgment amended accordingly.

Martinez testified and admitted entering the house. He said he had done so because he wanted to take a shower. He intended to use soap and shampoo inside the house. He denied intending to take food. He said he decided to take food after he entered the house. Martinez said he took a shower for about 30 minutes, using soap and shampoo and that he dried with towels in the bathroom. He said he also shaved with a razor and shaving cream found in the bathroom. Martinez said he told the officer he had taken a shower. He said he cooked the food after taking the shower and that he remained naked inside the house because it was comfortable.

The occupant testified that when she entered the house she checked the bathroom. There were no signs of anyone taking a shower. There was no moisture condensation in the room, the towels were dry and undisturbed and the soap was not wet.

DISCUSSION

I

*Sufficiency of the Evidence*

Martinez first challenges the sufficiency of the evidence to support his conviction. The challenge is not to the fact of his entry into the home, rather it goes to the proof of his intentions at the time of entry. The prosecution's theory was that Martinez entered with the purpose of stealing food. The prosecutor challenged the defense evidence of the alleged shower. The prosecution argued, however, that even if the purpose at entry was to take a shower that such would constitute an intent to commit larceny, as required by the burglary statute, because it would involve the consumption of soap products, shampoo and hot water. The Attorney General recognizes that "[w]hen a legally erroneous theory of conviction is presented to a jury, reversal is required unless, on the record made at trial, the reviewing court can determine that the conviction actually, if not solely, rests on a legally proper theory." (*People v. Hansen* (1994) 9 Cal.4th 300, 327-328 [36 Cal.Rptr.2d 609, 885 P.2d 1022]; *People v. Guiton* (1993) 4 Cal.4th 1116, 1128-1129 [17 Cal.Rptr.2d 365, 847 P.2d 45].) ▮ Thus, the Attorney General defends this conviction on the basis that entry with the intent to take a shower in this case constitutes entry with intent to commit larceny. Reluctantly we agree with that contention.

▮ When a conviction is challenged on the grounds the evidence to support it is insufficient, we apply the familiar substantial evidence test on review. In such cases we examine the entire record in the light most

favorable to the judgment to determine if it contains sufficient substantial evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Rodriguez* (1999) 20 Cal.4th 1, 11 [82 Cal.Rptr.2d 413, 971 P.2d 618].) In this case, however, the question is not the sufficiency of the evidence, because as to the alternate theory Martinez himself testified to his intent to use the soap and shampoo. It is also clear there is enough evidence to support the prosecution's main theory that Martinez entered the house to take food. ▆▆ Since we do not know on which theory the jury convicted we must focus solely on the legal question of whether intending to use the soap, shampoo and water constituted an intent to commit larceny.

Although neither side in this case has found a case identical to the one before us, this court has dealt with a similar problem. In *People v. Dingle* (1985) 174 Cal.App.3d 21, 29 [219 Cal.Rptr. 707] (*Dingle*), we discussed a case where the defendant entered the house with the intent to make an unauthorized long-distance call on the homeowner's phone. We held that such intent amounted to an intent to commit larceny.

The court in *Dingle* first considered section 459 defining burglary. That section provides, in part: "Every person who enters any house . . . with intent to commit grand or petit larceny . . . is guilty of burglary." The court next looked to section 490a which states: "Whenever any law or statute of this state refers to or mentions larceny, embezzlement or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." (*Dingle, supra,* 174 Cal.App.3d at p. 29.)

Based on those statutes, we concluded that theft, as defined in section 484, subdivision (a) defines larceny for this purpose. Under this statute theft requires the intention to permanently deprive the owner of some item of property. (*Dingle, supra,* 174 Cal.App.3d at pp. 29-30.) In *Dingle* we analogized the act of making the call in violation of section 502.7, subdivision (a)(1) to taking by false pretenses and thus a form of theft.

In the present case Martinez does not dispute that his purported purpose would involve using, and hence consuming, some of the items of personal property in the owner's home. The core of his challenge is that the "miniscule amount" of soap, shampoo and water used are not of sufficient value to qualify as property. Unfortunately for Martinez, California has drastically modified the common law definitions of property under the theft statutes. Under current California law, the item of property need only have some intrinsic value, however slight. (*People v. Quiel* (1945) 68 Cal.App.2d 674, 678 [157 P.2d 446]; see also Witkin & Epstein, 2 Cal. Criminal Law (3d ed. 2000) Crimes Against Property, § 16, pp. 35-37.)

In *People v. Leyvas* (1946) 73 Cal.App.2d 863, 866 [167 P.2d 770] the court held that ration stamps had intrinsic value, even though slight. In *People v. Franco* (1970) 4 Cal.App.3d 535, 542 [84 Cal.Rptr. 513], the court found that the cigarette carton was an item of some value, even if the jury found that the carton was empty. Thus it is clear that the taking of any item of personal property of even slight intrinsic value can constitute larceny in California.

Applying these principles to the present case, we are satisfied that intending to use the soap, shampoo and hot water of the homeowner constituted an intent to commit a larceny under the circumstances of this case. Each of the items to be taken and consumed would have some, albeit slight, intrinsic value. That is all that is required for the item to be a proper subject of larceny in this state.

## II

### Lesser Related Offense

Martinez next contends the trial court erred in refusing to instruct on the lesser related offense of trespass. He recognizes that the court in *People v. Birks* (1998) 19 Cal.4th 108, 136 [77 Cal.Rptr.2d 848, 960 P.2d 1073] overruled *People v. Geiger* (1984) 35 Cal.3d 510 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055], which had permitted courts to give such instructions. Under *Birks, supra,* 19 Cal.4th 108, trial courts can no longer instruct juries on such related, but not included, offenses without the prosecutor's permission. Martinez contends that *Birks* was wrongly decided and it results in depriving the defendant of the ability to present a defense. Respectfully, such argument must be presented to the Supreme Court. It has found it inappropriate to permit trial courts to modify the charging process by instructing on related, but uncharged offenses. We follow the rules as established by our Supreme Court. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].)

## III

### Restitution Fines

The trial court's minutes reflect a restitution fine of $3,400 (§ 1202.4, subd. (b)) and a parole revocation restitution fine of $3,400. Martinez correctly notes the trial court's oral pronouncement of sentence reflects it imposed a restitution fine of $3,000 and a parole revocation fine of $3,400. Thus he persuasively argues the trial court's oral pronouncement should

control over the clerk's minutes. (*People v. Smith* (1983) 33 Cal.3d 596, 599 [189 Cal.Rptr. 862, 659 P.2d 1152].)

■ The Attorney General responds that any error should be deemed waived for failure to object in the trial court. The difficulty with that position is that while the court erred in stating two different amounts for the fines, the problem was complicated by the clerk's preparation of minutes that reflected both fines set at $3,400. Thus we can see no reason to apply waiver of the error, the significant part of which was committed outside of the defendant's presence and presumably when he did not have an opportunity to address it. In short, the trial court was wrong in setting two different amounts for the fines and the clerk compounded the error by adjusting one of the fines upward to make them facially correct.

We are satisfied the proper solution to the inconsistency in the record is to reduce both fines to $3,000 and otherwise affirm the judgment.

### DISPOSITION

The judgment is modified to reflect both the restitution fine under section 1202.4, subdivision (b) and the parole revocation restitution fine under section 1202.45 are each set at $3,000. The trial court is directed to amend the abstract of judgment accordingly and forward an amended abstract to the Department of Corrections. In all other respects the judgment is affirmed.

Kremer, P. J., and O'Rourke, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 17, 2002.