Filed 8/14/14  P. v. Miranda CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>LUCIANO ABRAHAM MIRANDA,<br><br>　　　　Defendant and Appellant. | B250070<br><br>(Los Angeles County<br>Super. Ct. Nos. BA398422,<br>SA083144) |

APPEAL from judgments of the Superior Court of Los Angeles County, Marsha N. Revel, Judge.  Modified in part, affirmed in part, and remanded with directions.

Gina McCoy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and Pamela C. Hamanaka, Deputy Attorneys General, for Plaintiff and Respondent.

## I.  INTRODUCTION

A jury convicted defendant, Luciano Abraham Miranda, of first degree burglary in violation of Penal Code section 459.[1]  (Super. Ct., L.A. County, 2013, No. SA083144.)  First degree burglary is a serious felony.  (§ 1192.7, subd. (c)(18); *People v. Lara* (2012) 54 Cal.4th 896, 906.)  Defendant was also found in violation of his probation for grand theft of an automobile.  (Super. Ct., L.A. County, 2012, No. BA398422.)  Defendant was sentenced to four years, eight months in state prison.

We appointed counsel to represent defendant on appeal.  After examination of the record, appointed appellate counsel filed a brief in which no issues were raised.  Instead, appointed appellate counsel asked us to independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 264.)  On February 14, 2014, we advised defendant he had 30 days within which to submit by brief or letter any contentions or argument he wished us to consider.  No response has been received.  We requested supplemental briefing on certain sentence-related issues.  We modify the judgment and affirm as modified.

## II.  DISCUSSION

First, in case No. SA083144, defendant received credit for 198 days in presentence custody.  However, defendant was arrested on November 7, 2012, and sentenced on May 24, 2013.  Custody credit calculations begin on the day of arrest and continue through the day of sentencing.  (*People v. Denman* (2013) 218 Cal.App.4th 800, 814; *People v. Rajanayagam* (2012) 211 Cal.App.4th 42, 48.)  Therefore, defendant should have received credit for 199 days in presentence custody.  Defendant is not, however, entitled to additional conduct credit.  This is because conduct credits are given in two-day increments and no rounding up is permitted.  (*People v. Dieck* (2009) 46 Cal.4th 934,

---

[1]  Further statutory references are to the Penal Code except where otherwise noted.

2

943; *People v. Chilelli* (2014) 225 Cal.App.4th 581, 591; *People v. Smith* (1989) 211 Cal.App.3d 523, 527.)

Second, in case No. SA083144, the trial court imposed a $10 local crime prevention programs fine. (§ 1202.5, subd. (a).) That fine was subject to $31 in penalties and a surcharge, which the trial court failed to orally impose. (*People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1109; *People v. Castellanos* (2009) 175 Cal.App.4th 1524, 1527-1530.) The penalties and surcharge are included in the abstract of judgment. However, the oral pronouncement of judgment is controlling. (*People v. Mesa* (1975) 14 Cal.3d 466, 471-472; *People v. Crenshaw* (1992) 9 Cal.App.4th 1403, 1416.) Moreover, the fine is subject to an ability to pay requirement. (§ 1202.5, subd. (a).) According to a June 29, 2012 pre-conviction probation report in case No. BA398422, defendant was not steadily employed. The report also states defendant had worked with his father off and on as a landscaper. Upon remittitur issuance, the trial court must conduct an ability to pay hearing as to the fine together with the penalty assessments and surcharge. (*People v. Castellanos, supra,* 175 Cal.App.4th at p. 1531; see *People v. Woods* (2010) 191 Cal.App.4th 269, 273-274 [trial court must have opportunity to exercise discretion and impose a lawful sentence]; but see *People v. Knightbent, supra,* 186 Cal.App.4th at pp. 1112-1113 [no hearing required where the increase in the total sum is minimal and defendant raised no ability to pay objection].) The trial court may impose a lesser fine or none at all. (*People v. Castellanos, supra,* 175 Cal.App.4th at p. 1531.)

The Attorney General argues defendant forfeited any claim he was denied an ability to pay hearing by failing to object in the trial court. We disagree. The trial court orally imposed only a $10 fine. Defendant had no opportunity to object on ability to pay grounds to a $10 fine *plus* $31 in penalties and a surcharge for a total of $41. (See *People v. Castellanos, supra,* 175 Cal.App.4th at p. 1531 ["the trial court had no occasion to determine defendant's ability to pay $36—which is the amount due"].)

Third, in case No. BA398422, the trial court imposed a $40 court operations assessment (§ 1465.8, subd. (a)(1)) but failed to orally impose a $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1).) The court facilities assessment is

3

mandatory. (*People v. Robinson* (2012) 209 Cal.App.4th 401, 405; *People v. Rodriguez* (2012) 207 Cal.App.4th 1540, 1543, fn. 2; *People v. Woods, supra,* 191 Cal.App.4th at p. 272.) The oral pronouncement of judgment must be modified to impose the $30 assessment. (*People v. Rosales* (2014) 222 Cal.App.4th 1254, 1263; *People v. Sencion* (2012) 211 Cal.App.4th 480, 483-485.) Fourth, in case No. BA398422, the abstract of judgment must be amended to include both assessments. (*People v. Robinson, supra,* 209 Cal.App.4th at pp. 403, 407.) Fifth, in case No. BA398422, the trial court imposed a $240 restitution fine (§ 1202.4, subd. (b)) and a $240 parole revocation restitution fine. The abstract of judgment must be amended to reflect those fines. (*People v. Rosas* (2010) 191 Cal.App.4th 107, 121; *People v. Martinez* (2002) 95 Cal.App.4th 581, 583, fn. 2.)

## III.  DISPOSITION

In case No. SA083144 the judgment is modified to award defendant credit for 199 days in presentence custody, but no additional conduct credit. Upon remittitur issuance, the trial court is to hold a hearing as to defendant's ability to pay a $10 local crime prevention programs fine. This includes the ability to pay the $10 fine together with $31 in applicable penalties and a surcharge. The trial court may impose a lesser fine or none at all. The superior court clerk is to amend the abstract of judgment to:  reflect the local crime prevention programs fine; identify the penalties and surcharge imposed; and to award defendant 199 days of presentence custody credit but no additional conduct credit.

In case No. BA398422, the oral pronouncement of judgment is modified to impose a $30 court facilities assessment pursuant to Government Code section 70373, subdivision (a)(1). Upon remittitur issuance, the superior court clerk shall amend the abstract of judgment to include:  $40 in court operations assessments (Pen. Code, § 1465.8, subd. (a)(1)); $30 in court facilities assessments (Gov. Code, § 70373, subd. (a)(1)); a $240 restitution fine (Pen. Code, § 1202.4, subd. (b)); and a $240 parole revocation restitution fine (Pen. Code, § 1202.45). The clerk of the superior court is to

4

deliver a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.


We concur:


MOSK, J.


MINK, J.*

---

\* Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.