Filed 2/18/22  P. v. Montano CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDUARDO ANTONIO MONTANO,<br><br>    Defendant and Appellant. | B312690<br><br>(Los Angeles County<br>Super. Ct. No. 1PH00353) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert M. Kawahara, Commissioner. Affirmed.

Eduardo Antonio Montano, in pro. per.; Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# BACKGROUND

In September 2020, as a condition of parole, appellant Eduardo Antonio Montano agreed not to "engage in conduct prohibited by law." In January 2021, appellant was taken into custody for making criminal threats in violation of Penal Code section 422. Eight days later, the Division of Adult Parole Operations filed a Petition for Revocation, seeking to revoke appellant's parole for making criminal threats. In February 2021, the trial court found him in violation of his parole, and sentenced him to 180 days in jail, with 80 days credit. Appellant timely appealed.

Appellant's appointed counsel filed a brief raising no issues and invoking *People v. Serrano* (2012) 211 Cal.App.4th 496. Under *Serrano*, when appointed counsel raises no issue in an appeal from a post-judgment proceeding following a first appeal as of right, an appellate court need not independently review the record. (*Id*. at 498.) On September 29, 2021, we directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days. We received no response within that time period, but on December 2, 2021, we received a "Motion and Declaration of Good Cause for Extension of Time to File a Brief" and a "Defendant and Appellate Brief." We grant appellant's late-filed request for an extension, and will consider his supplemental brief. Having done so, we affirm.

## APPELLANT'S ARGUMENTS

First, appellant argues that at his arraignment, the court ignored his claim of "being a victim of torture while incarcerated." Appellant provides no evidence that he was a "victim of torture" and, in any case, "[t]he purpose of an arraignment . . . is to inform the accused of the charge against him and to give him fairly the opportunity to plead to it." (*In re Mitchell* (1961) 56 Cal.2d 667, 670, citing Pen. Code, § 988.) It is not to respond to an appellant's claims of mistreatment while incarcerated.[1]

Second, appellant contends the court erred in permitting Officer Austin Kook to testify at the probable cause hearing because Officer Kook had "only two years of police experience [and was] therefore unqualified to establish probable cause to revoke [appellant's] parole." Appellant has forfeited this argument both by failing to object to Officer Kook's qualifications either before or during his testimony, and by failing to support his argument with legal authority. (Evid. Code, § 353 ["A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless: [¶] (a) There appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion"]; *WFG*

---

[1] We note additionally that the "torture" appellant claimed apparently consisted of "being held here for something I didn't do."

3

*National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 ["we may disregard conclusory arguments that are not supported by pertinent legal authority"].)

Finally, appellant argues the court erred because "the illegal broadcasting of oral communications holding the court hostage as a 3rd party not showing in the court reporters transcripts.  Outrageous police misconduct. [*sic*]"  To the extent we understand this argument, appellant appears to contend that "oral communications" were being broadcast during one of his court hearings, but this fact was not reflected in the Reporter's Transcript.  We reject this argument both because there is no evidence of his contentions, and because appellant has failed to articulate what prejudice he suffered from these alleged broadcasts. (See, e.g., *F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107-1108 [California Constitution expressly precludes reversal absent prejudice].)

Appellant fails to raise any arguable contention that the trial court erred. (See *People v. Hertz* (1980) 103 Cal.App.3d 770, 780 [appellant has affirmative duty to show error].)

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MANELLA, P. J.


We concur:


WILLHITE, J.


CURREY, J.