### THE STATE v. ALEXANDER CAMPBELL.

*Larceny of " Due-Bill," under § 1064 of The Code—Indictment.*

1. While a " due-bill" is not a promissory note, and negotiable by indorsement, it is within the meaning of the words, " or other obligation," in § 1064 of *The Code.* The larceny of such a paper is indictable under that section.

2. But if such "due-bill" had been paid before the alleged felonious taking, an indictment for such taking cannot be sustained under said section ; however, it might possibly have been, if the indictment had contained a count charging the larceny of a piece of paper on which the due-bill was written.

INDICTMENT for larceny, tried before *Philips, J.,* at Spring Term, 1889, of the Superior Court of YADKIN.

The defendant is charged with the larceny of " one due-bill of the value of fifty-four cents, of the goods, chattels and moneys," &c. The indictment contains but a single count, and concludes " against the form of the statute in such case made and provided, and against the peace and dignity of the State." The defendant pleaded not guilty.

On the trial, the State produced evidence tending to prove " that the due-bill alleged to have been stolen was given by I. W. Windsor to one Bud Morgan, for fifty-four cents, and afterwards taken up and paid off by said Windsor and laid by him on a counter or shelf in his store, for the purpose of showing his wife how to date a due-bill, from where it was taken by the defendant a few days thereafter."

It was contended for the defendant, that if he " took the due-bill after it had been paid off and taken up " by the prosecutor, and was worthless, that it was not the subject of larceny, and he requested the Court to so instruct the jury. The Court declined to give them such instruction, but told them " that if the defendant took the due-bill with a felo-

nious intent, notwithstanding it had been paid off and taken up, the defendant would be guilty." The defendant excepted. There was a verdict and judgment against him, and he appealed to this Court.

*The Attorney General,* for the State.
*Mr. A. E. Holton,* for the defendant.

MERRIMON, J. (after stating the case). The defendant is not indicted for the common law offence of larceny, but for larceny as prescribed by the statute ( *The Code,* § 1064), which, among other things, declares that, "if any person shall feloniously steal, take and carry away, or take by robbery, * * * any order, bill of exchange, promissory note, or other obligation, either for the payment of money or for the delivery of specific articles, being the property of any other person, or of any corporation (notwithstanding any of the said particulars may be termed in law a chose in action), such felonious stealing, taking and carrying away, or taking by robbery, shall be felony of the same nature and degree, and in the same manner, as it would have been if the offender had feloniously stolen, or taken by robbery, money, goods or property of any value, and such offender for any such offence shall suffer," &c. The choses in action, thus made the subjects of larceny, are not deemed such subjects at the common law. They are very important instrumentalities, employed constantly in trade and commerce, and are valuable as species of property to the owners of them. They are susceptible of being stolen easily, and such things, as in the absence of protection of them against larceny by the principles of the common law, require to be so protected by criminal enactments. Hence, the statutory provision partly recited above. They are regarded and treated as certain written evidence of valuable and useful orders, promises or obligations to pay money, or for the delivery of specific arti-

cles ; they are valuable and useful as such evidence, and, for the purposes of the statute cited, have no other property or quality of value; however, the paper or other thing on which they may be written might possibly be treated as bits of personal property of trifling value, and, therefore, the subject of larceny at common law. Indeed, in cases similar to the present one, it has been not uncommon, as a measure of caution, to put two or more counts in the indictment, charging in the first one the larceny of a note, bond or other thing mentioned in the statute, and also, in a second one, the larceny of the paper on which they were written. *State* v. *Banks*, Phil., 577 ; Whar. Cr. Law, §§ 349, 350, 1759, 1838 ; *Rex* v. *Vyse*, 1 Moody, 218.

When, however, the indictment charges the larceny of one of the several species of choses in action specified in the statute, and there is no count for larceny at common law, as suggested, the State. must prove the larceny of the chose in action as charged, else the prosecution must fail, because the charge is, not for the larceny merely of a piece of paper on which the note or other thing is written, but of the valuable written evidence of the chose in action as charged and as designated in the statute. It is the latter embodied and evidenced by the writing that is charged to have been stolen. It would not comport with just and settled criminal procedure to indict a person for the larceny of a promissory note, and allow him to be convicted upon such charge of stealing a piece of paper. Stealing the latter, if an offence at all, is a common law offence, and essentially different from the statutory offence of stealing a promissory note. The former is not necessarily a part of, or embraced by, the latter. The note might be written on parchment, linen, silk or cotton cloth, or the like. Neither principle nor statutory provision requires promissory notes and like things to be written on paper, though ordinarily, for the greater convenience, they are so written.

The defendant is charged with the larceny of a " due-bill," and he contends that it is not within the terms or meaning of the statute which, by its terms, embraces any order, bill of exchange, bond, promissory note, or other obligation," &c. A " due-bill" is really a simple acknowledgment by the maker thereof of a debt due to the person named in it, without any promise therein to pay the same, and such an acknowledgment is not a promissory note, nor negotiable by indorsement. It might be such note if it contained words of promise. Story on Prom. Notes, § 14, and note; Chit. on Bills, 129, 526 (12 Am. Ed.).

The "due-bill" charged to have been stolen is not specified with as much precision and fullness as it should have been. We must take it to be simply a " due-bill," and, therefore, it does not come within the meaning of the words " any order, bill of exchange, bond, promissory note;" but we think it is embraced by the other words, " or other obligation." The word obligation, in its most technical meaning, implies, *ex vi termini*, a sealed instrument; but it certainly has, also, a very broad and comprehensive legal signification, and embraces all instruments in writing, however informal, whereby one party contracts with another "for the payment of money, or for the delivery of specified articles," whether the same be under seal or not. The words, " or other obligation," are used in a remedial and comprehensive sense, as appears from the purpose of the statute, and the enumeration of the several classes of obligations made the subject of larceny by it—they imply like or similar obligations—some under seal, and others not. A " due-bill" is evidence of an obligation to pay money; the maker, by it, acknowledges the indebtedness, and the law implies and raises the obligation to pay it. Hence, it is the subject of larceny as prescribed by the statute.

The defendant further contended that the evidence in connection with the "due-bill," put in evidence on the trial,

went directly to prove that it had been paid and absolutely discharged; that it was, therefore, without force or value, and not the subject of larceny. There was evidence that it had been so paid, but the Court declined to give the instruction asked for by the defendant, and instructed the jury that "if the defendant took the due-bill with a felonious intent, notwithstanding it had been paid off and taken up, the defendant would be guilty." This is assigned as error.

We think the Court should have given the instruction asked for or the substance of it. The "due-bill," such as we must take that charged in the indictment to have been, was not negotiable by indorsement; the evidence went to prove—indeed, it was not denied—that it had been paid. It had therefore ceased to have force or effect as an obligation, it was no longer an obligation such as contemplated by the statute, it no longer had any value as such, and, therefore, it was not within the purpose of the statute, nor the subject of larceny, as a "due-bill" or an "obligation." It may be that, if the indictment had contained a count for larceny at common law of the paper on which the "due-bill" was written, the defendant might, upon the evidence, have been properly convicted; but it contained no such count, and we do not decide that it could or could not. Whar. Cr. Law, § 1749; Ros. Cr. Law, 624 (4 Am. Ed.); Rex, 7 Phila., 2; Leach's Cr. Com., 673; *Regina* v. *Mumps*, 38 Eng. Com. Law, 148.

This case is very different from a class of cases cited and commented upon by the Attorney General, in which the promissory notes or other instruments charged to have been stolen had been taken up in the course of business, and might be reissued, or put in circulation again, and used from time to time. In all such cases, the promissory note, or other obligation, had not become extinct, and had not lost its value for the purposes contemplated by it.

There is error. The defendant is entitled to a new trial, and we so adjudge.

Error.                                        New trial.