**STATE v. GRIER**

[224 N.C. App. 150 (2012)]

STATE OF NORTH CAROLINA

v.

MARY COLEMAN GRIER

No. COA12-448

Filed 4 December 2012

**1. Larceny—chose in action—forgery—not mutually exclusive offenses—valid instrument not required**

There was no plain error in a prosecution for larceny of a chose in action, forgery, and uttering a forged paper or instrument where the trial court failed to instruct the jury that larceny of a chose in action required a valid instrument or that the crimes were mutually exclusive.

**2. Larceny—chose in action—blank check—evidence not sufficient**

The theft of a blank check does not support a claim for larceny of a chose in action and there was no evidence that defendant committed larceny of a chose in action when she took a check from the victim's checkbook and cashed it for $465.00. There was no evidence that the check evidenced any debt or obligation prior to the taking.

Appeal by defendant from judgment entered 14 September 2011 by Judge W. Robert Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 October 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Perry J. Pelaez, for the State.*

*Michael E. Casterline for defendant-appellant.*

BRYANT, Judge.

Because the trial court did not err by failing to instruct the jury that the crime of forgery, uttering, and larceny of a chose in action were mutually exclusive crimes, we affirm the trial court. Because defendant did not feloniously steal, take and carry away, or take by robbery a chose in action, we reverse the judgment entered against defendant on the charge of larceny of a chose in action.

STATE v. GRIER

[224 N.C. App. 150 (2012)]

The evidence presented at trial tended to show that, on 18 October 2010, Thera Wright—78 years old at the time of trial—was eating breakfast at a Chick-fil-A restaurant when she was approached by a woman whom she did not know. Defendant introduced herself as Barbara Mason. Defendant offered her services to provide in-home care to handicap persons three or five days a week; Medicare would cover all expenses. Ms. Wright declined the offer but indicated that her sister, who suffered from Alzheimer's disease, may be able to use defendant's services. Defendant was provided with the name and telephone number of Ms. Wright's sister. In turn, defendant wrote a note referencing Medicare and Medicaid and a telephone number on a restaurant napkin.

Later that day, Ms. Wright was surprised by defendant's appearance at her residence. Ms. Wright did not recall giving defendant her address. Defendant stated that she had been to the residence of Ms. Wright's sister-in-law. Ms. Wright invited defendant into her home. The two spoke for ten minutes. After defendant left, Ms. Wright could not find her pocketbook. She called the phone number defendant provided her with on the napkin at the Chick-fil-A restaurant and heard an automated message providing the time of day. Ms. Wright called her bank and cancelled her credit cards. Then she called the police to report the crime and the name Barbara Mason. The next day Ms. Wright went to SunTrust Bank to explain what had happened regarding the loss of her pocketbook including her checkbook. A bank representative informed her that a check for $465.00 had been cashed made payable to Mary Grier.

In an interview with Charlotte Mecklenburg Police detectives, defendant acknowledged that she stole and cashed Ms. Wright's check.

Defendant was charged with forgery, uttering forged paper, larceny of a chose in action, and attaining habitual felon status. A jury trial commenced on 12 September 2011 in Mecklenburg County Superior Court before the Honorable W. Robert Bell. The jury returned verdicts of guilty on all charges. The trial court entered a consolidated judgment in accordance with the jury verdicts. Defendant appeals.

---

On appeal, defendant argues that (I) the trial court erred by failing to instruct the jury that defendant couldn't be convicted of mutually exclusive crimes and (II) there was insufficient evidence to support the conviction for larceny of a chose in action.

*I*

**[1]** Defendant argues that the trial court erred by failing to instruct the jury that the crimes of forgery, uttering a forged check, and larceny of a chose in action are mutually exclusive. Defendant contends that a single instrument cannot be both a forgery and a valid chose in action. We disagree.

As the State notes in its brief, defendant failed to raise this objection before the trial court, but defendant argues that the trial court's failure to instruct the jury on mutually exclusive offenses amounts to plain error.

> In criminal cases, an issue that was not preserved by objection noted at trial and that is not deemed preserved by rule or law without any such action nevertheless may be made the basis of an issue presented on appeal when the judicial action questioned is specifically and distinctly contended to amount to plain error.

N.C. R. App. P. 10(a)(4) (2012).

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.

*State v. Lawrence,* ___ N.C. ___, ___, 723 S.E.2d 326, 333 (2012) (quoting *State v. Odom,* 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (alterations in original)) (quotations and brackets omitted).

Initially, we note that defendant's argument relies upon the contention that the crime of forgery and uttering a forged check require a counterfeit instrument while the evidence of larceny of a chose in action requires a showing that the defendant "stole a *valid* instrument." (Emphasis in the original).

Pursuant to section 14-75, "Larceny of chose in action" occurs when "any person shall feloniously steal, take and carry away, or take by robbery, any bank note, check or other order for the payment of money issued by or drawn on any bank . . . being the property of any other person . . . ." N.C. Gen. Stat. § 14-75 (2011). But, contrary to defendant's argument, section 14-75 does not require that the "bank note, check or other order for payment" be *valid.*

Thus, defendant cannot maintain the argument that the State is required to make a showing that a financial instrument such as a bank note or check in order to be a chose in action must be valid. Further, defendant points us to no authority, and we find none, indicating that the crimes of larceny of a chose in action and forgery and uttering a forged paper or instrument are mutually exclusive. Therefore, the trial court did not err in failing to instruct the jury that larceny of a chose in action required a valid instrument or that the crimes charged were mutually exclusive. Accordingly, defendant's argument is overruled.

*II*

**[2]** Defendant argues that there was insufficient evidence to convict her of larceny of a chose in action. Defendant contends that the evidence presented during trial was that she took and carried away Ms. Wright's blank check. Defendant further contends that the theft of a blank check does not support a claim for larceny of a chose in action. We agree.

"When ruling on a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor." *State v. Miller,* 363 N.C. 96, 98, 678 S.E.2d 592, 594 (2009) (citation omitted). "[T]he trial court must determine whether substantial evidence has been presented in support of each element of the charged offense." *State v. Nabors,* 365 N.C. 306, 312, 718 S.E.2d 623, 626 (2011) (citations and quotations omitted). On appeal, "this Court determines whether the State presented substantial evidence' in support of each element of the charged offense. 'Substantial evidence' is relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion." *State v. Abshire,* 363 N.C. 322, 327-28, 677 S.E.2d 444, 449 (2009) (citations and quotations omitted).

A "chose in action" is pertinently defined as "[a] proprietary right in personam, such as a debt owed by another person . . . ." Black's Law Dictionary 234 (7th ed. 1999). Again, "Larceny of chose in action" occurs when "any person shall feloniously steal, take and carry away,

or take by robbery, any bank note, check or other order for the payment of money issued by or drawn on any bank . . . being the property of any other person . . . ." N.C.G.S. § 14-75 (2011). *See generally, State v. Campbell,* 103 N.C. 268, 269-70 (103 N.C. 344, 346), 9 S.E. 410, 410 (1889) ("When, . . . the indictment charges the larceny of one of the several species of **choses in action** specified in the statute, and there is no count for larceny at common law, as suggested, the State must prove the larceny of the chose in action as charged, else the prosecution must fail, because the charge is, not for the larceny merely of a piece of paper on which the note or other thing is written, but of the valuable written evidence of the chose in action as charged and as designated in the statute. It is the latter embodied and evidenced by the writing that is charged to have been stolen. It would not comport with just and settled criminal procedure to indict a person for the larceny of a promissory note, and allow him to be convicted upon such charge of stealing a piece of paper. Stealing the latter, if an offense at all, is a common law offense, and essentially different from the statutory offense of stealing a promissory note. The former is not necessarily a part of, or embraced by, the latter. The note might be written on parchment, linen, silk or cotton cloth, or the like. Neither principle nor statutory provision requires promissory notes and like things to be written on paper, though ordinarily, for the greater convenience, they are so written.").

Here, Ms. Wright testified that she invited defendant into her home, and after defendant left, Ms. Wright could not find her pocketbook. The pocketbook contained Ms. Wright's checkbook. The next day, a bank representative informed Ms. Wright that a check had been cashed against her account for $465.00.

> Q And any of the writing on this check, any of the handwriting on this check, is any of that your writing?
>
> A No.
>
> Q So you didn't fill in any of this information?
>
> A No.
>
> Q And that is not your signature on the check?
>
> A No.
>
> Q Did you authorize anybody to fill out this check to [defendant] Mary Grier?
>
> A No.

Q Do you know a [defendant] Mary Grier?

. . .

A No.

Q You wouldn't have written a check to her?

A No.

During the investigation of the theft report, defendant was interviewed by a detective in the financial crimes unit of the Charlotte Mecklenburg Police Department. The detective testified that during her interview, defendant admitted that she stole and cashed Ms. Wright's check.

Despite the record evidence that defendant took a check from Ms. Wright's checkbook and cashed a check made payable to herself for $465.00, there is no evidence that the check evidenced any debt or obligation prior to the taking. Therefore, there is no evidence that defendant committed larceny of a chose in action. *See* Black's Law Dictionary 234 (7th ed. 1999); *see also, generally, Campbell,* 103 N.C. at 269-70 (103 N.C. at 346), 9 S.E. at 410. Accordingly, we reverse the judgment of the trial court as to this charge and remand for further proceedings.

Affirmed in part; reversed in part.

Judges MCGEE and THIGPEN concur.