[Crim. No. 310. Second Appellate District.—November 19, 1913.]

THE PEOPLE, Appellant, v. L. E. DADMUN, Respondent.

CRIMINAL LAW—LARCENY—THEFT OF DEED BY GRANTEE—INDICTMENT.—
An indictment charging the grantee named in a deed with grand larceny in stealing and carrying away the deed, which, if properly delivered, was sufficient to convey the title to the property described therein, and alleging the value of the property but not the value of the deed, is demurrable.

ID.—THEFT OF INSTRUMENT OR DOCUMENT—SECTION 492 OF PENAL CODE. Section 492 of the Penal Code, providing that "if the thing stolen consists of any evidence of debt, or other written instrument, the amount of money due thereupon, or secured to be paid thereby, and remaining unsatisfied, or which in any contingency might be collected thereon, or the value of the property the title to which is shown thereby, or the sum which might be recovered in the absence thereof, is the value of the thing stolen," does not purport to define any offense, but merely prescribes a rule of evidence for ascertaining and fixing the value of the article stolen.

ID.—MEANING OF "WRITTEN INSTRUMENT"—NECESSITY OF DELIVERY.—
The term "written instrument" means a written document, delivered with the intention that it shall take effect in accordance with its purpose as shown by the language used therein; the use of the word with respect to contracts and deeds of conveyance of real estate implies a delivery, without which the document is inoperative for any purpose.

ID.—UNDELIVERED DEED—WHETHER A SUBJECT OF LARCENY.—An undelivered deed is not a "written instrument" within the meaning of section 492 of the Penal Code, and is not a subject of larceny.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, George Beebe, Deputy Attorney-General, and H. S. Utley, District Attorney, for Appellant.

E. S. Torrance, for Respondent.

SHAW, J.—An indictment presented by the grand jury against defendant charged him with grand larceny in that

it is alleged that he ''did willfully, unlawfully and feloni- ously steal and carry away a certain'' grant deed signed and acknowledged by one George W. Webb, wherein defendant was named as grantee, which deed, if properly delivered, was sufficient in form and substance to convey to defendant the title of Webb to the property described therein, alleged to be of the value of ten thousand dollars, which ''grant deed and the said property therein described and the title to which was thereby shown and conveyed,'' as alleged, ''was then and there the property of said George W. Webb, and which said deed was ''a written instrument showing and conveying the title to certain real property'' therein described.

The sustaining of defendant's demurrer followed by judg- ment thereon, from which the people appeal, presents the question as to whether or not the stealing of a grant deed by one named therein as grantee (the value of the property described therein, and not the value of the deed, being alleged) constitutes grand larceny. The contention of appel- lant is that the indictment charges the offense of grand lar- ceny under and pursuant to the provisions of section 492 of the Penal Code, which is as follows: ''If the thing stolen consists of any evidence of debt, or other written instrument, the amount of money due thereupon, or secured to be paid thereby, and remaining unsatisfied, or which in any contin- gency might be collected thereon, or the value of the property the title to which is shown thereby, or the sum which might be recovered in the absence thereof, is the value of the thing stolen.'' This section does not purport to define any offense, but merely prescribes a rule of evidence for ascertaining and fixing the value of the article stolen. The offense, as defined by section 484 of the Penal Code, consists in ''the felonious stealing, taking, carrying, leading, or driving away the per- sonal property of another.'' When the property thus taken is of a value exceeding fifty dollars it constitutes grand lar- ceny. (Pen. Code, sec. 487.) If it be of a value of less than fifty dollars, unless the act falls within the provisions of subdivisions 1 and 2 of said section 487, it is petit larceny. The value of the article stolen, as alleged in the indictment, fixes the grade of the offense.

If the deed was delivered, and respondent insists that such fact is implied from the allegation that it ''showed and con-

veyed title to the real property therein described,'' then of course no offense is charged. On the other hand, assuming the deed was not delivered, was it ''a written instrument'' within the meaning of those words as used in the section quoted? If not, then it follows that the stealing of the deed was merely the unlawful taking of an article having no value other than that of the paper and labor performed in writing thereon, the value of which is not stated. In *Hoag v. Howard*, 55 Cal. 564, the word ''instrument,'' as used in the codes, is defined as ''some written paper or instrument signed and delivered by one person to another, transferring the title to or creating a lien on property, or giving a right to a debt or duty.'' This definition is quoted with approval in *Foorman v. Wallace*, 75 Cal. 555, [17 Pac. 680], and *Warnock v. Harlow*, 96 Cal. 307, [31 Am. St. Rep. 209, 31 Pac. 166]. The term ''written instrument'' means a written document delivered with the intention that it shall take effect in accordance with its purpose as shown by the language used therein. The use of the word with respect to contracts and deeds of conveyance of real estate implies a delivery without which the document is inoperative for any purpose. (Civ. Code, secs. 1626 and 1054.) Since the document was not delivered, it was not a written instrument, but merely a piece of paper with writing thereon, ineffectual and inoperative for the purpose of conveying the property described therein. It appears the legislature recognized the fact that documents and writings inoperative for want of delivery could not, in the absence of positive law, be the subject of larceny as ''written instruments,'' for section 494 of the Penal Code provides: ''All the provisions of this chapter apply where the property taken is an instrument for the payment of money, evidence of debt, public security, or passage ticket, completed and ready to be issued or delivered, although the same has never been issued or delivered by the makers thereof to any person as a purchaser or owner.'' In this enumeration of undelivered instruments which are made the subject of larceny deeds are not designated therein, and applying the maxim that ''the expression of one thing excludes another,'' they should not be included among the undelivered instruments to which the provisions of the section are said to apply. The provision of the New York code [N. Y. Consol. Laws, c. 40, sec. 1303] with

reference to larceny of written instruments, while almost identical with our own, is more favorable to respondent's contention in that the New York statute describes the instrument as one "being the transfer of or evidence of title to any property," and providing that the value of the article stolen shall be deemed "the value of the property transferred or affected, or the title to which is shown thereby." In the case of *People* v. *Stevens,* 38 Hun (N. Y.), 62, the question involved the alleged larceny from the maker thereof of a written instrument consisting of the satisfaction of a mortgage, and it was there held that the act of taking did not constitute larceny for the reason that an undelivered instrument of such nature is not the subject of larceny. In discussing the question the court said: "It is the general rule that to constitute larceny of a written instrument, the paper must be effective and operative when taken. Was this instrument effective and operative for any purpose when the defendant acquired the possession? I think not. It had never been delivered, nor was it intended to be used for the purpose therein mentioned until the performance of certain things thereafter to take place. The debt it was intended to secure remained unpaid. The possession of the paper by the defendant did not, nor did its record, and could not in law, release the debt nor discharge the land from the mortgage lien. Until the instrument was delivered to some one by the maker for the uses and purposes expressed therein, it possessed no value and was not personal property, in the sense and meaning of that term as defined by the statute. The instrument, although complete in form and bearing the signature of the mortgagee and duly acknowledged, ready to be delivered and used according to its design, could not, while in this state, be the subject of larceny." The facts in the case at bar are almost identical with those under discussion by the New York court, and the language is peculiarly applicable thereto. (See, also, *People* v. *Loomis,* 4 Denio (N. Y.), 380.)

Counsel for appellant in support of their contention cite cases from other jurisdictions, but an examination of the statutes upon which such decisions are based shows that they have no application to cases arising under the provisions of our code. Thus, in a Missouri case, defendant was indicted under a section of the code of that state which provided that the

felonious taking of any instrument in writing which was the *act of another* constituted larceny, and the court there held that the question of the delivery of the deed was immaterial.

The deed herein alleged to have been stolen, as shown by the indictment, had never been delivered, and hence was not a "written instrument" within the meaning of section 492 of the Penal Code. Defendant acquired no title to the property therein described, nor under the circumstances could it be considered competent evidence of any right whatsoever vested in him by the same.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 17, 1914.