[Crim. No. 578. First Appellate District.—December 14, 1915.]

# THE PEOPLE, Appellant, v. ANTONIO CARIDIS, Respondent.

CRIMINAL LAW—GRAND LARCENY—LOTTERY TICKET—INSUFFICIENCY OF INFORMATION.—An information charging a defendant with the crime of grand larceny in stealing a lottery ticket fails to state a public offense, as such a ticket has no legitimate value except as the evidence of a debt due from an enterprise which is denounced by law and conducted in defiance thereof, and an allegation that the drawing had taken place prior to the alleged larceny and that the defendant had collected a large sum of money thereon, adds nothing to the value of the ticket.

ID. — SUBJECT MATTER OF LARCENY — PROPERTY HAVING VALUE. — It is essential to the commission of the crime of larceny that the property alleged to have been stolen have some value—intrinsic or relative—which, where grand larceny is charged and the property was not taken from the person of another, must exceed the sum of fifty dollars.

ID. — LARCENY OF WRITTEN INSTRUMENTS — CONSTRUCTION OF SECTION 492, PENAL CODE.—Section 492 of the Penal Code, which fixes the value in cases of the larceny of written instruments by providing that "if the thing stolen consists of any evidence of debt, or other written instrument, the amount of money due thereupon, or secured to be paid thereby, and remaining unsatisfied, or which in any contingency might be collected thereon, or the value of the property the title to which is shown thereby, or the sum which might be recovered in the absence thereof, is the value of the thing stolen," contemplates and controls the value to be placed only upon written instruments which create some legal right and constitute a subsisting and enforceable evidence of a debt.

ID.—ILLEGAL CONTRACT.—An obligation which exists in defiance of a law which denounces it has, in the eye of the law, neither validity nor value.

ID.—LOTTERY TICKET—PETIT LARCENY.—A lottery ticket, considered as a mere piece of paper, possesses perhaps some slight intrinsic value, which, however small, is sufficient to make a wrongful taking of it petit larceny.

APPEAL from an order of the Superior Court of the City and County of San Francisco allowing a demurrer to the information. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, Frank L. Guerena, and John H. Riordan, Deputies Attorney-General, for Appellant.

M. L. Choynski, and Joseph T. O'Connor, for Respondent.

LENNON, P. J.—The defendant in this case was, by an information filed in the superior court of the city and county of San Francisco, charged with the crime of grand larceny, alleged to have been committed as follows:

"The said Antonio Caridis on the 29th day of July, A. D. 1914, at the said City and County of San Francisco, State of California, did then and there willfully, unlawfully and feloniously steal, take and carry away one lottery ticket of the Original Nacional Company, No. 16235, that theretofore and on the 27th day of July, 1914, the said ticket was, after a drawing held by said Original Nacional Company, and its officers, representatives and agents, declared by said Original Nacional Company and its officers, representatives and agents, to be one of the winning tickets of the said Original Nacional Company, and its officers, representatives and agents, after said drawing aforesaid, did become liable for and did promise to pay to the holder of said ticket the sum of twelve hundred and fifty ($1250.00) dollars in gold coin of the United States of America and did then and there promise to pay to the holder of said ticket the sum of twelve hundred and fifty ($1250.00) dollars in gold coin of the United States of America;

"That thereafter, and on the 30th day of July, 1914, the said Antonio Caridis did present said ticket to said Original Nacional Company and to its officers, representatives and agents, and did receive from said Original Nacional Company, and its officers, representatives and agents, the sum of twelve hundred and fifty ($1250) dollars in gold coin of the United States of America therefor;

"That at all of said times the said lottery ticket was the personal property of Jim Papas and was of the value of twelve hundred and fifty ($1250.00) dollars in gold coin of the United States of America."

A demurrer to the information was allowed upon the ground that the facts stated did not constitute a public offense, in the particular that it affirmatively appeared that the subject matter of the alleged larceny had no legitimate

value. The action was thereupon dismissed and the people have appealed from the order allowing the demurrer.

The ruling of the court below was correct. It is essential to the commission of the crime of larceny that the property alleged to have been stolen have some value—intrinsic or relative—which, where grand larceny is charged and the property was not taken from the person of another, must exceed the sum of fifty dollars. (Pen. Code, sec. 847; *Payne* v. *People,* 6 Johns. (N. Y.) 103; *Culp* v. *State,* 1 Port. (Ala.) 33, [26 Am. Dec. 357]; Wharton's Criminal Law, p. 1333.)

Evidently the information in the present case was framed to fit the requirements of section 492 of the Penal Code, which fixes the value in cases of the larceny of written instruments by providing that "If the thing stolen consists of any evidence of debt, or other written instrument, the amount of money due thereupon, or secured to be paid thereby and remaining unsatisfied, or which in any contingency might be collected thereon or the value of the property the title to which is shown thereby, or the sum which might be recovered in the absence thereof, is the value of the thing stolen." Clearly this section contemplates and controls the value to be placed only upon written instruments which create some legal right and constitute a subsisting and an enforceable evidence of a debt. (*People* v. *Dadmun,* 23 Cal. App. 293, [137 Pac. 1071]; *State* v. *Campbell,* 103 N. C. 344, [9 S. E. 410]; *McCarty* v. *State,* 1 Wash. 377, [22 Am. St. Rep. 152, 25 Pac. 299]; *Wilson* v. *State,* 1 Port. (Ala.) 118.)

The lottery ticket which was the subject matter of the larceny charged in the present case had no relative value save, as affirmatively alleged in the information, as the evidence of a debt due from an enterprise which was denounced by law and which apparently existed and was conducted by its promoters in defiance of the law. (Pen. Code, sec. 319 et seq.) It is a well-settled principle that an obligation which exists in defiance of a law which denounces it has, in the eye of the law, neither validity nor value. An instance of the application of this principle is to be found in the analogous case of *Culp* v. *State,* 1 Port. (Ala.) 33, [26 Am. Dec. 357], where the court held that an indictment charging the larceny of several "bills of credit of the United States Bank," which were alleged to be of the aggregate value of $310, could not be sustained because each of the bills was for a sum less than

the bank was authorized by its charter to issue, and consequently could not, in contemplation of law, be the subject matter of a larceny.

The fact as alleged in the information, that the drawing had taken place prior to the alleged larceny of the ticket, and that the defendant ultimately collected thereon the sum of $1,250 from the lottery company, added nothing to the validity or value of the ticket. Being a void and valueless obligation in the eye of the law from its very inception, it could not be transformed into a legitimate and valuable thing by a voluntary payment, which in itself was a contravention of the law. (*Crutchfield* v. *Rambo*, 38 Tex. Civ. App. 579, [86 S. W. 950].) Moreover, the sufficiency of the information must be determined by the facts as they existed at the time of the alleged taking, and not by anything that may have occurred subsequently. (*People* v. *Stevens*, 38 Hun (N. Y.), 62.)

Considered as a mere piece of paper, the lottery ticket in question possessed perhaps some slight intrinsic value, which, however small, would have sufficed to make the wrongful taking of it petit larceny, and if that had been the charge preferred against the defendant, it doubtless would have stood the test of demurrer. (1 McClain on Criminal Law, sec. 543.)

The order appealed from is affirmed.

Kerrigan, J., and Richards, J., concurred.