Filed 12/21/15  P. v. Jaeger CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H041784 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. SS131934A) |
| v. | |
| GEORGE JAEGER, | |
| Defendant and Appellant. | |

In 2012, defendant George Jaeger took a check from Gordon Sonne's mailbox. Sonne had originally written the check to be payable in the amount of $1,321.02, but defendant chemically washed the ink off the check and changed the check to be payable in the amount of $300.  He then forged a signature and deposited the check in his bank account.  In 2013, Sonne discovered the check had been fraudulently deposited and the funds were eventually traced to defendant.  Defendant pleaded guilty to one count of forgery (Pen. Code, § 470, subd. (a))[1] and was sentenced to two years in county jail.

In 2014, defendant, who had already completed his sentence, filed a petition requesting that his conviction be designated as a misdemeanor under section 1170.18, subdivisions (f) and (g), enacted by Proposition 47, "The Safe Neighborhoods and Schools Act" (hereafter the Act).  Proposition 47 amended section 473, which now provides that forgery is a misdemeanor if the value of the "check . . . does not exceed nine hundred fifty dollars ($950)."  (§ 473, subd. (b).)  The trial court denied the petition.

---

[1] Unspecified statutory references are to the Penal Code.

Defendant appealed, arguing that the value of the check was $300 and therefore the court erred in denying his petition. We agree and reverse the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2012, Sonne wrote a check payable in the amount of $1,321.02 and placed it in his mailbox. A month later, Sonne discovered that the check had been deposited for $300. Following an investigation, it was determined that defendant had chemically washed the check to remove the ink. After washing the check, defendant had altered the check to be payable in the amount of $300, forged Sonne's signature, and deposited the check in his bank account.

In October 2013, defendant pleaded guilty to one count of felony forgery in violation of section 470, subdivision (a). The trial court sentenced him to the middle term of two years in county jail.

In November 2014, the voters enacted Proposition 47, which went into effect the day after it passed. (Cal. Const., art. II, § 10, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Thereafter, defendant, who had already completed his sentence, filed a petition requesting that his conviction be designated as a misdemeanor under section 1170.18, subdivisions (f) and (g).

The People responded to the petition and asserted that defendant was ineligible for the requested relief because "[t]he value of the property/instrument exceeds $950." The People did not indicate there were any other reasons to find defendant ineligible for relief under section 1170.18. Thereafter, the trial court denied the petition, and defendant appealed.

## DISCUSSION

On appeal, defendant challenges the trial court's determination that he was ineligible to have his felony designated as a misdemeanor under Proposition 47. He claims that the value of the check should not be determined by the original face value of

2

the check, $1,321.02.  Rather, he insists that the value of the forged check was $300, the amount that was actually deposited in his bank account and the amount that he wrote on the check after chemically washing it.

    a.  *Statutory Framework*

Proposition 47 enacted a procedure by which a petitioner who has already completed his or her sentence for a felony conviction can file an application with the trial court to have his or her conviction designated as a misdemeanor, if the conviction would have qualified as a misdemeanor under the provisions enacted by the Act had the Act been in effect at the time of the offense.  (§ 1170.18, subd. (f).)  If a petitioner's application satisfies the requirements set forth under section 1170.18, subdivision (f), the court "shall designate the felony offense or offenses as a misdemeanor."  (§ 1170.18, subd. (g).)  No hearing is necessary in order to grant an application filed under section 1170.18, subdivision (f).  (§ 1170.18, subd. (h).)  A petitioner is not eligible to have his felonies designated as misdemeanors if he or she has one or more prior convictions for an offense specified in section 667, subdivision (e)(2)(C)(iv) or for an offense that requires registration under section 290, subdivision (c).  (§ 1170.18, subd. (i).)

Here, defendant was convicted of one count of forgery under section 470, subdivision (a).  Proposition 47 amended section 473, which now provides that forgery is a misdemeanor unless a defendant is "guilty of forgery relating to a check . . . where the value of the check . . . exceed[s] nine hundred fifty dollars ($950)."  (§ 473, subd. (b).)  If the value of the check exceeds $950, forgery remains a wobbler offense, chargeable as either a misdemeanor or a felony.  Forgery also remains a wobbler offense if the defendant has one or more prior convictions for an offense specified under section 667, subdivision (e)(2)(C)(iv) or for an offense requiring registration under section 290,

subdivision (c), or if the defendant was also convicted of identity theft as defined under section 530.5.  (§ 473, subd. (b).)

When the People responded to defendant's petition, the only disqualifying factor it found was that defendant's offense involved a check valued at more than $950. Defendant did not suffer any prior disqualifying convictions and was not also convicted of identity theft as defined under section 530.5.

b.  *Standard of Review*

A defendant bears the burden of proof as to eligibility under Proposition 47.  (See, e.g., *People v. Sherow* (2015) 239 Cal.App.4th 875, 879 [holding that a defendant bears the burden of proof as to eligibility under § 1170.18, subd. (a)].)

At issue is the trial court's determination that defendant was not eligible to have his felony conviction designated as a misdemeanor.  The trial court's finding of ineligibility must be found by a preponderance of the evidence.  (Evid. Code, § 115; see, e.g., *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1040 [trial court must find existence of disqualifying factor under § 1170.126 by preponderance of the evidence].)  We review the trial court's findings made under a preponderance of the evidence standard for substantial evidence.  (*People v. Wong* (2010) 186 Cal.App.4th 1433, 1444.)

c.  *Analysis*

Proposition 47 amended section 473, which now provides in pertinent part that forgery convictions are misdemeanors if the forgery "relat[es]" to a check where the "value of the check" does not exceed $950.  (§ 473, subd. (b).)  Defendant argues the value of the forged check was $300.  Therefore, he claims he is entitled to have his forgery conviction designated as a misdemeanor.  We agree.

What constitutes the value of a check was discussed by the appellate court in *People v. Cuellar* (2008) 165 Cal.App.4th 833.  In *Cuellar*, the defendant was convicted of grand theft of a person after he took a check from a sales clerk.  The defendant argued

4

his conviction was unsupported by insufficient evidence, because the check by itself did not have any intrinsic value. (*Id*. at p. 836.) The appellate court agreed with defendant that a "forged check does not have a value equal to the amount for which it is written." (*Id*. at p. 838.) The court further noted that "[t]he check's value is 'a nullity'; it is merely 'an order to pay [citation] and is of no value unless accepted.' " (*Ibid*.) However, since the check "had slight intrinsic value by virtue of the paper it was printed on" and "had intrinsic value as a negotiable instrument that, if legally drawn, would entitle its holder to payment on demand," there was sufficient evidence of grand theft. (*Id*. at p. 839.)

Although *Cuellar* involved a conviction for grand theft, not forgery, we find its discussion regarding the value of a check applicable here. A check is an order to pay; it has no value unless it is accepted by a bank. (*United States Rubber Co. v. Union Bank & Trust Co*. (1961) 194 Cal.App.2d 703.) In defendant's case, the check he altered did not have a value equal to the amount for which it was originally written, $1,321.02. The check had no value unless it was accepted, and the check was accepted by the bank as payable in the amount of $300, the amount that defendant wrote in. Therefore, the value of the check was $300 and defendant's forgery conviction was related to a check that had a value of less than $950. No substantial evidence supports the trial court's conclusion to the contrary.

We disagree with the People's claim that the language of section 473 compels a different result. The People point out that section 473, subdivision (b) states that only those forgeries "relating to a check . . . where the value of the check . . . does not exceed nine hundred fifty dollars ($950)" are misdemeanors. The People assert that defendant's crime "relates" to a check where the value of the check was $1,321.02.

At issue is the language of section 473 and whether the Legislature intended to define the "value" of the check as the original face value of the check as written before the forgery, or the value of the forged check. "Issues of statutory interpretation are

5

questions of law subject to de novo review." (*People v. Simmons* (2012) 210 Cal.App.4th 778, 779.) "The basic rules of statutory construction are well established. 'When construing a statute, a court seeks to determine and give effect to the intent of the enacting legislative body.' [Citation.] ' "We first examine the words themselves because the statutory language is generally the most reliable indicator of legislative intent. [Citation.] The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context." [Citation.] If the plain, commonsense meaning of the statute's words is unambiguous, the plain meaning controls.' " (*People v. King* (2006) 38 Cal.4th 617, 622.)

However, we do not look at statutes in isolation. "Rather, we look to 'the entire substance of the statute . . . in order to determine the scope and purpose of the provision . . . .' [Citation.] We avoid any construction that would produce absurd consequences." (*Flannery v. Prentice* (2001) 26 Cal.4th 572, 578.)

We conclude that the statute's language providing that forgeries are misdemeanors unless the crime "relat[es] to a check . . . where the value of the check . . . exceed[s] nine hundred fifty dollars ($950)" refers to the value of the check that was forged, *not* the original face value of the forged check if it has been altered.

Any ambiguity is resolved by the legislative history. The Voter Information Guide to Proposition 47 clearly states that "[u]nder this measure, *forging a check worth $950 or less* would always be a misdemeanor, except that it would remain a wobbler crime if the offender commits identity theft in connection with forging a check." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legis. Analyst, p. 35, italics added.) Here, defendant forged a check that was worth $300.

The People are correct that the crime of forgery is complete without the receipt of the face value of the check, or without the presentation of the check to the bank for payment. (*People v. Morgan* (1956) 140 Cal.App.2d 796.) However, this argument does

6

not aid the People.  Forgery is committed when a defendant "makes or passes a false instrument with an intent to defraud." (*Ibid*.; § 470.)  Based on this general rule, defendant's crime was not complete until defendant actually *made* the forgery, i.e., when he altered the check to be worth $300.  The original face value of the check is irrelevant.

Further, adopting the People's argument would produce absurd results.  It would mean that a defendant who alters a check originally payable in the amount of $1 to a check payable in the amount of $10,000 would unequivocally be subject to a misdemeanor.  However, in the opposite case, a defendant who alters a check originally payable in the amount of $10,000 to a check payable in the amount of $1 would be subject to either a felony or a misdemeanor.  We must reject the People's construction.

Accordingly, based on the record before us, substantial evidence does not support the trial court's conclusion that defendant was not eligible to have his felony designated as a misdemeanor.  There is nothing in the record to indicate that defendant is ineligible based on any other disqualifying factors, and his forgery conviction related to a check that was worth less than $950.

Defendant argues that this court should remand the matter to the trial court for resentencing under section 1170.18, subdivision (b).  However, section 1170.18, subdivision (b) applies only to those petitioners who are *currently* serving a sentence. Under subdivision (b), the court must resentence an eligible petitioner unless it finds that it would pose an unreasonable risk of danger to public safety.

Section 1170.18, subdivision (b) does not apply to defendant.  The record reflects that defendant had already finished serving his sentence and had petitioned the trial court for designation of his felony as a misdemeanor under section 1170.18, subdivisions (f) and (g).  Under these subdivisions, the trial court does not need to determine whether resentencing a petitioner would pose an unreasonable risk of danger to public safety, because the petitioner in question has already served his or her sentence.

7

Instead, section 1170.18, subdivision (g) simply provides that if a petitioner meets the criteria stated in section 1170.18, subdivision (f), the court "shall" designate the felony offense as a misdemeanor. Accordingly, no remand for resentencing is necessary.

## DISPOSITION

The trial court's order denying defendant's petition is reversed. The trial court is directed to enter a new order granting defendant's petition.

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Elia, J.