Filed 4/20/16  P. v. Sariaslan CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B264930 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A087453) |
| v. | |
| RAMIN SARIASLAN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  David R. Fields, Judge.  Reversed and remanded.

Janet Uson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Paul S. Thies, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \*

Defendant Ramin Sariaslan appeals from the May 8, 2015 order denying his application for relief under Proposition 47 (The Safe Neighborhoods and Schools Act; Pen. Code, § 1170.18)[1] to have his 1983 felony conviction for forgery (§ 470) designated a misdemeanor. Defendant was convicted of two counts of forgery in 1983; one for a check in the amount of $680, and another for a check in the amount of $1,500. Defendant's Proposition 47 application did not specify for which count he was seeking reclassification. The trial court denied the application, finding that "the amount of the forgery is greater than $950.00 and is not eligible for Proposition 47 relief." We reverse, finding that defendant's conviction relating to the $680 check was eligible for reclassification as a misdemeanor under Proposition 47. However, we reject defendant's claim that he was entitled to reclassification of both counts.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 1983, a felony complaint was filed charging defendant with 10 counts, including counts for grand theft and forgery. In August 1983, defendant entered a guilty plea to two counts of forgery, in violation of section 470 (counts 3 & 6). According to the complaint, count 3 involved a forged check for $680, and count 6 involved a forged check for $1,500. The remaining counts were dismissed.

On February 9, 2015, defendant filed an application seeking to have his conviction reduced from a felony to a misdemeanor under section 1170.18, subdivision (f). He checked the box on the application indicating that "[t]he amount in question is not more than $950.00." On February 25, 2015, defendant's application, proof of service, and the court file from defendant's 1983 conviction were forwarded to Department 46. On May 8, 2015, the People filed their response, opposing the application on the basis that the amount of the forgery was in excess of $950. On May 8, 2015, the court denied defendant's application without a hearing.

---

[1] All further statutory references are to the Penal Code.

## DISCUSSION

Defendant contends the court erroneously denied his application for reclassification because Proposition 47 amended section 473 to classify as a misdemeanor any forgery offense where the value of the forged instrument does not exceed $950. (§ 1170.18, subd. (a).) He also contends, for the first time on appeal, that he is entitled to resentencing on both counts, arguing that "[w]ithout evidence that the forged checks were accepted, each check in counts 3 and 6 in this case was merely a piece of paper with slight intrinsic value and was a nullity, legally void, and valueless."

Proposition 47 reduced the penalties for certain drug and theft-related offenses and reclassified those offenses as misdemeanors rather than felonies. (§ 1170.18; *People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Defendants previously convicted of felonies that were reclassified as misdemeanors under Proposition 47, who have completed their sentence, may apply to have their felony conviction designated as a misdemeanor. (§ 1170.18, subd. (f).) The applicant bears the burden of proving that he or she is eligible for Proposition 47 relief. (*Sherow*, at pp. 879-880.)

It is well settled that Proposition 47 amended section 473 to reclassify forgery (as defined in section 470) as a misdemeanor if the value of the forged instrument does not exceed $950, with specific exceptions not applicable here. (§ 473, subd. (b); *People v. Hoffman* (2015) 241 Cal.App.4th 1304, 1309-1310.)

Nevertheless, respondent contends that defendant did not meet his burden of proof of establishing his eligibility for relief under Proposition 47, reasoning defendant did not adduce any evidence that the forgeries were for sums less than $950, and because defendant did not specify on his application for which of his two felony convictions he sought reclassification. However, respondent also concedes that "the trial court might have erred in not reducing appellant's conviction for count 3 because the check was written for a sum less than $950."

The case file from defendant's 1983 conviction included the felony complaint and defendant's plea agreement. The complaint alleged that count 3 was based on defendant's forgery of a check for $680. Count 3 is eligible for Proposition 47 relief.

For the first time on appeal, defendant argues he is entitled to resentencing on *both* counts, on the basis that "a forged check does not have a value equal to the amount for which it is written" and is of no value unless it is "accepted." (*People v. Cuellar* (2008) 165 Cal.App.4th 833, 838 (*Cuellar*) [construing grand theft statute]; see also *People Caridis* (1915) 29 Cal.App. 166, 168-169 [same].) He reasons that there was no evidence in the record that either of his forged checks was "accepted," therefore, the checks were presumptively worthless. This theory was never presented to the trial court, and defendant presented no evidence that his forged checks were not "accepted" with his application for Proposition 47 relief. Therefore, defendant did not meet his burden to establish his entitlement to resentencing on this theory. (*Sherow*, *supra*, 239 Cal.App.4th at pp. 879-880.)

And, in any event, *Cuellar* is distinguishable because it concerned a charge of grand theft from the person of another in violation of section 487, subdivision (c) and not the forgery statute. (*Cuellar, supra*, 165 Cal.App.4th at p. 836.)[2] Section 470 provides that "[e]very person who, with the intent to defraud, knowing that he or she has no authority to do so, signs the name of another person or of a fictitious person to [a check] is guilty of forgery." Section 473 provides that "any person who is guilty of forgery relating to a check . . . where the value of the check . . . does not exceed nine hundred fifty dollars ($950)" is guilty of a misdemeanor, whereas forgery for a greater amount constitutes a felony. Section 470, defining the elements of forgery, does *not* require that the forged instrument be accepted. Defendant's proposed construction of the law would

---

[2]    The defendant in *Cuellar* was convicted of grand theft from the person of another based on his act of grabbing a forged check out of a sales clerk's hand. He argued on appeal that grand theft from a person required that the item taken have some value, and that a forged check lacked any value. The court found that substantial evidence supported the defendant's grand theft conviction, reasoning that the phony check had some minimal "intrinsic value." (*Cuellar, supra*, 165 Cal.App.4th at p. 839.)

4

impose an additional element for felony forgery convictions (e.g., that the forged instrument be accepted or cashed). We are not persuaded.[3]

## DISPOSITION

The order denying the application is reversed, and the matter is remanded to the trial court with directions to grant the application, and designate defendant's conviction for count 3 a misdemeanor.

GRIMES, J.

WE CONCUR:

RUBIN, Acting P. J.

FLIER, J.

---

[3]    Defendant also contends the trial court's denial of his application violates his right to due process. We find no merit in this argument, as defendant's flawed theory was never properly presented to the trial court, and has no merit. (See also *Sherow*, *supra*, 239 Cal.App.4th at pp. 879-880 [no due process violation in denying petition for resentencing].)