Filed 12/19/16

**CERTIFIED FOR PUBLICATION**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C078960 |
| Plaintiff and Respondent, | (Super. Ct. No. 03F07705) |
| v. | |
| CRAIG DANNY GONZALES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Marjorie Koller, Judge. Reversed in part and affirmed in part.

Elizabeth M. Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Craig Danny Gonzales, in custody in state prison, filed a petition in January 2015 to recall his sentence pursuant to Penal Code section 1170.18,[1] a then

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of defendant's crimes unless otherwise noted.

recently enacted measure allowing for the redesignation of certain convictions as misdemeanors, and for resentencing. The petition simply recited the statutes defendant violated without any further information about the convictions in a consolidated 2003/2005 case for which he was sentenced in February 2008. After receiving opposition from the prosecutor, the trial court denied the petition without elaboration beyond checking a box on its form order that defendant was ineligible for relief based on his "[c]urrent convictions."

Defendant contends, inter alia, that the only basis on which the trial court could have determined that he was entirely ineligible for any relief was the prosecutor's claim (in opposition to the petition) that defendant's conviction for identity theft (§ 530.5) in a transactionally independent 2006 case (that was part of the same sentencing proceeding in February 2008) disqualified him from relief, because this would exclude his convictions from misdemeanor status under section 473, subdivision (b) (hereafter section 473(b)). We agree with defendant that section 473(b) is ambiguous about the manner in which its exclusion applies, and the voter materials referencing section 473(b) make clear that an identity theft conviction must be transactionally related to other counts in order to exclude them from misdemeanor treatment under section 473(b). We accordingly will reverse the order denying relief (except as to one conviction) and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In 2006, the trial court consolidated the allegations of a 2003 case (No. 03F07705, involving various forgery, theft, and drug charges stemming from a September 2003 search of defendant and a van in which he had been riding) and a 2005 case

---

[2] We granted defendant's motion to incorporate the record in his prior appeal from the 2008 judgment (case No. C058340) by reference.

(No. 05F09704, involving two drug charges based on a November 2005 search of a hotel room connected with defendant when police arrested him on a bench warrant) under the present case number, case No. 03F07705. As ultimately amended in October 2007, the consolidated information in pertinent part charged defendant with check forgery (§ 470, subd. (d)) in counts one, three, four, and five; obtaining property by fraud (§ 532, subd. (a)) in count two; possessing blank checks with intent to defraud (§ 475, subd. (b)) in count six;[3] possessing counterfeit bills (§ 476) in count seven; and possessing counterfeit driver's licenses with the intent to assist a forgery (§ 470b) in count eight. The People subsequently filed a new case in December 2006 charging the count of identity theft at issue (count three), based on defendant's conduct while in jail (case No. 06F11190) in engaging in a conspiracy to obtain unauthorized phone services in the names of various individuals.

Defendant entered a negotiated no contest plea in October 2007 on the eve of trial in the two cases. He agreed to plead no contest to all charges in the 2003/2005 case, and to one count of identity fraud in the 2006 case, for a maximum sentence of 20 years in the two cases. In February 2008, the court imposed a term of 18 years four months in the 2003/2005 case, and a consecutive term of one year four months in the 2006 case. There was also the disposition of other cases not material to the present appeal. (*People v. Gonzales* (Mar. 20, 2009, C058340) [nonpub. opn.].)

In November 2014, the electorate enacted Proposition 47, which redesignated a number of offenses as misdemeanors, and provided a procedure in section 1170.18 for retrospective relief for defendants who were serving or had completed a sentence for a previous conviction that would have been a misdemeanor "had this act been in effect at

---

**3** The original consolidated information inadvertently charged a violation of section 470, subdivision (b) in count six. The amended consolidated information reflects the charge in the original information.

3

the time of the offense." (§ 1170.18, subds. (a), (f); *People v. Johnston* (2016) 247 Cal.App.4th 252, 256, review granted July 13, 2016, S235041, cited for persuasive value pursuant to Cal. Rules of Court, rule 8.1115.)  This proposition amended section 473(b).  (Voter Information Guide, Gen Elec. (Nov. 4, 2014) text of Prop. 47, § 6, p. 71 (2014 Voter Guide).)

As noted in the introduction, defendant's January 2015 petition for redesignation did not provide any information about the convictions on which he sought relief beyond the count numbers (one, and three through eight)[4] and the statutes violated (§§ 470, subd. (d); 470b; 475, subd. (b); and 476).  In further argument that defendant's convictions were ineligible for resentencing, the prosecutor asserted the value of the forged checks was $564.32 in count one, $315.35 in count three, $262.22 in count four, and $312.46 in count five; the counterfeit bills in count seven had a face value of $650; the blank checks in count six were not shown to be worth less than $950; and the forged driver's licenses in count eight are not subject to section 473(b).  The trial court, as noted, did not specifically address these claims.

## DISCUSSION

**1.0    The Record Is Adequate for Appellate Review**

Defendant complains that the trial court's cursory treatment of his petition was a violation of his right to due process.  We do not agree.

Although the trial court's ruling is adumbrative, the issue of defendant's eligibility for relief under section 1170.18 presents a question of law that we review de novo (cf. *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7 [section 1170.126]), so shortcomings in the basis for the trial court's order are ultimately immaterial.  We are able to discern the

---

[4]  The petition did not include count two.  We thus disregard the portion of defendant's arguments devoted to that count.

4

nature of defendant's convictions, and therefore can make an informed evaluation of his arguments on appeal. Due process does not require more. (*People v. Covarrubias* (2016) 1 Cal.5th 838, 914.)

**2.0     Forfeiture Is Not an Issue**

Defendant asserts that he has not forfeited the issue of his eligibility on appeal. The People do not suggest forfeiture precludes us from reviewing defendant's claim. We therefore do not need to address this argument.

**3.0     The Issue of Burden of Production Is Moot**

Defendant contends it violates due process for him to bear the burden of producing evidence of his eligibility for relief under section 1170.18.[5] Authority is to the contrary. (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449; *People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880.) He does not present any cogent basis for disregarding these holdings.

In any event, the issue is moot. The prosecutor's response to the petition produced evidence of the value and nature of the forged instruments underlying each conviction, which to be eligible for misdemeanor status must be less than $950 and not also involve a conviction for identity theft—the transactional connection between his 2003/2005 forgery convictions and the 2006 conviction for identity theft being the central issue on appeal. (§ 473(b).) We therefore do not need to address the contention further.

---

[5] Admixed into this contention is a " 'lurking' argument" not incorporated into the heading that the prosecution must produce clear and convincing evidence of his ineligibility for relief. (*Imagistics Internat., Inc. v. Department of General Services* (2007) 150 Cal.App.4th 581, 593, fn. 10.) This absolves us of any duty to respond, other than to note eligibility for *relief* from a more serious sentence does not implicate the issue that defendant asserts, which arises in the context of a significant *increase* in punishment. (*Id.* at p. 591, fn. 8; cf. *People v. Elder* (2014) 227 Cal.App.4th 1308, 1315 [section 1170.126 represents mitigation of sentence, not an increase in sentence].)

**4.0    The Value of the Forged Instruments Does Not Disqualify Defendant from Relief**

The People apparently abandon any effort to sustain the trial court's ruling on this basis.  We are not aware of any authority to support the prosecutor's apparent suggestion that the face value of the forged checks in counts one, three, four, and five[6] and the counterfeit bills in count seven can be aggregated to disqualify defendant.  (Cf. *People v. Bush* (2016) 245 Cal.App.4th 992, 1007 [value of other stolen property in other convictions "is irrelevant to the determination of eligibility" of a conviction for resentencing] (*Bush*).)  The blank checks in count six do not have any face value, and thus also come within the ambit of section 473(b).  The trial court accordingly could not have properly denied the petition on this ground as to these counts.

However, while the forged driver's licenses in count eight do not have a value exceeding $950 (*Bush*, *supra*, 245 Cal.App.4th at p. 1008 [stolen identification card does not have value in excess of $950 for conviction of receiving stolen property]), this type of forged instrument is not included in the list of instruments for which misdemeanor status is prescribed in section 473(b) ("forgery relating to a check, bond, bank bill, note, cashier's check, traveler's check, or money order").  We therefore may affirm the trial court's order as to count eight.

**5.0    A Conviction for Identity Theft Must Be Transactionally Related to Disqualify a Forgery Conviction from Relief Under Section 1170.18**

Section 473(b) includes the caveat that misdemeanor status does not apply to its list of forged instruments where a person "is convicted *both* of forgery and of identity

---

[6]  When viewed in the context of forgery, the word "value" as used in section 473(b) must correspond to the stated value of the instrument as opposed to its inherent value (*People v. Cuellar* (2008) 165 Cal.App.4th 833, 838-839 [instrument has only nominal inherent value for purposes of *theft*]) in order to avoid the absurd consequences of a monetary limit that would not have any meaning (*Flannery v. Prentice* (2001) 26 Cal.4th 572, 578 [statutory constructions should avoid producing absurd consequences]).

6

theft, as defined in Section 530.5." (Italics added.) The People contend the "plain meaning" of this provision applies as long as a defendant is convicted in the same proceeding of both forgery and identity theft, as in the present case. Defendant contends the language is ambiguous as to whether the forgery and identity theft must arise in the same transaction or can be parts of independent transactions. We believe defendant has the better argument.

The use of "both" in section 473(b) does not clearly prescribe the manner in which the convictions for forgery and identity theft must be related. It can reasonably be construed either in the manner that the People or defendant suggest. It is therefore appropriate to consider the election materials for the proposition that amended section 473 and added section 1170.18. (See *Wirth v. State of California* (2006) 142 Cal.App.4th 131, 139.)

The exegesis of the Legislative Analyst in connection with forged instruments states, "Under this measure, forging a check worth $950 or less would always be a misdemeanor, except that it would remain a wobbler crime if the offender commits identity theft *in connection with* forging a check." (2014 Voter Guide, *supra*, analysis of Prop. 47 by Legis. Analyst, p. 35, italics added.) In light of this indicium of the intent with which voters enacted the proposition, it is clear that "convicted both of" (§ 473(b)) must apply only to identity theft that is committed in a transactionally related manner with the forgery of an instrument, and not where, as here, the identity theft occurred in an independent transaction that simply happened to be part of the same sentencing proceeding. As a result, defendant's conviction for the 2006 identity theft is not a proper basis for the trial court's order with respect to count one and counts three to seven in the 2003/2005 case.

## DISPOSITION

The order denying relief under section 1170.18 is reversed as to count one and counts three to seven.  The order denying relief as to count eight is affirmed.  The matter is remanded for further proceedings to determine defendant's eligibility for relief on count one and counts three to seven.  **(*CERTIFIED FOR PUBLICATION*)**


                                                              BUTZ_____, Acting P. J.

We concur:

_____DUARTE_____, J.

_____RENNER_____, J.